ADOLPHE MICHAUD and another *vs.* JOHN F. EISENMENGER.

July 1, 1891.

**Vendor and Purchaser— Fraud — Representations as to Quantity.—**
In negotiations for the sale of a platted lot of land the vendor represented that the lot contained five acres of land. A street ran across the lot, as the purchaser knew, and the area, *exclusive* of the street, was less than five acres. The price (at a specified sum per acre) was fixed on the basis of the area being five acres. *Held,* that the representation should not be deemed fraudulent merely because there were not five acres in the lot *exclusive* of the street.

Appeal by defendant from an order of the district court for Ramsey county, *Brill,* J., presiding, refusing a new trial after judgment ordered for plaintiff.

*James H. Foote,* for appellant.

*Henry B. Farwell,* for respondents.

DICKINSON, J. This is an action to rescind, and to have cancelled, a contract for the sale by the defendant to the plaintiffs of a lot of land described as "Lot 5 in J. F. Eisenmenger's Lake Villas," a platted tract of land in Ramsey county. The ground of the relief sought, and upon which it was granted, was the fraudulent representation of the defendant that the lot contained five acres of land,

the price being agreed upon at $150 an acre. Thereupon the written contract of sale was executed, in which the price to be paid was stated to be $750. This lot was 160 feet wide; one side was 1,195 feet long; the other was 1,416 feet long. At one end the lines were rectangular; at the other end the line connecting the two unequal side boundaries formed on one side an acute, and on the other an obtuse, angle with such side lines. At one end the lot abutted on a street or highway called "Oakland Street," and another street called "Lake View Avenue," 80 feet wide, ran diagonally across the lot near its centre. These facts must be taken to have been known to the plaintiffs while they were negotiating for the purchase. They examined the plat of the land on which these things were apparent. The area of the lot, including that part of it lying within the boundaries of Lake View avenue, and one-half of the abutting Oakland street, is 4.918 acres. Exclusive of streets it is 4.38 acres. The court found that the defendant fraudulently represented that it contained 5 acres, the area in fact being only 4.38 acres. The evidence by which, if at all, the finding of fraud can be sustained, was to the effect that the defendant (who may be presumed to have known the facts here in question concerning his own property) represented that the lot contained 5 acres, nothing being said as to whether this was inclusive or exclusive of the streets. The finding of the court involves the conclusion that the defendant intended thereby to represent that the lot was of the area of 5 acres *exclusive* of the streets; that the plaintiffs were justified in accepting and relying upon that as the meaning; and that, the statement, so construed, being untrue, it was fraudulent.

It seems to us that, in view of the facts known to both parties, the evidence did not so clearly establish the fraud as to justify that conclusion. For the present we will disregard the street at the end of the lot, upon which the lot abuts, but over which the lines of the lot as platted were not extended. It may be assumed that representations of the area of a lot so abutting might be deemed to have reference to the land within the platted lines of the lot, exclusive of the street. But with respect to Lake View avenue, known to the parties to have been platted across the lot, the bare representation that the

lot contained a specified number of acres would be at least of more uncertain import. The most that could be claimed for it would be that it *might* be intended to refer to the two parts of the lot, exclusive of the street by which they were separated. But that would not be the natural meaning of the representation under the circumstances here shown. The statement was made with reference to the lot 5 as one tract of land. There is nothing to indicate that it was intended or was naturally to be understood as applying to the aggregate area of the two parts of the lot separated by the street and exclusive of it. The area of the lot was given as an entirety. The plat examined by the parties showed the tract as an entire lot, crossed by the street, the lot lines being dotted across the street. The length of the side lines marked on the plat evidently included the street. A conveyance of the lot would include the fee of the street, although it was dedicated to the public for use. Suppose one selling a particular defined tract of agricultural land, through which, as the purchaser knows, runs a public highway, were to represent the tract as containing 50 acres, when in fact three acres of that area are within the limits of the highway. Would not the representation be true according to its most natural import? And even though the purchaser were to attach a different meaning to it in his own mind, could the representation be well deemed to constitute fraud, the vendor having no reason to suppose that the purchaser placed on his language a meaning different from that which it naturally bears? The case supposed is like that before us. It can make no difference that this is a smaller tract or lot of land. Taking the case to be as stated in the testimony on the part of the plaintiffs, there seems to have been nothing to suggest to the defendant that the plaintiffs understood him to mean that there were 5 acres in the lot exclusive of, or in addition to, the land embraced in this street. The bare fact that he fixed the price of the land by the acre, and on the basis of there being 5 acres sold, certainly did not make it clear that such was the meaning intended to be conveyed, in view of the fact that the conveyance would include the land embraced in the street. It seems to us to be more probable that the statement of the area of the lot was intended to include the land covered by the street

crossing it.    That is at least as likely to have been the meaning as that it excluded the street, and the plaintiffs, if they paid any attention to the subject, can hardly have failed to understand that the meaning of such a statement was at least ambiguous, if not quite contrary to that now claimed for it.    In either view of it the case does not so clearly justify the inference that the representation was made with reference to the land exclusive of this street that it should be pronounced fraudulent, and the written contract therefore be avoided. To effect such a result the fraud should be satisfactorily established. *McCall* v. *Bushnell,* 41 Minn. 37, (42 N. W. Rep. 545.)    For this reason we think that the decision of the case by the learned judge was based upon an erroneous conception of the case in this particular.

We have been considering the matter only with reference to the deficiency in the represented area, when the land covered by Lake View avenue is excluded.    It is true that, even if the land within the limits of both streets be included, it would be about 8-100 of an acre less than 5 acres.    But we understand the decision under review, as to the fraud of the defendant, to include, as a material feature, the fact that he in effect fraudulently represented the given area of the lot as being exclusive of the land in Lake View avenue, so that the whole area was 62-100 of an acre less than represented.    To the extent and in the sense above indicated, we deem the finding erroneous; and it is not to be presumed that the court would have reached the same conclusion as to the fraudulent character of the representations, and as to the relief to be awarded, if the stated amount has been deemed to include the land within Lake View avenue, which would make up the greater part of the alleged deficiency.    Therefore a new trial should be allowed.

No question has been raised as to the propriety of the kind of relief granted, if fraud was established, and we have not considered that subject.    If on another trial it should be found that the purposes for which the land was bought were such that it was not deemed by the purchaser to be essential that there should be the amount of land represented, it will be worthy of consideration whether the proper remedy for a small deficiency in area should be a rescission of the

contract, or compensation to the purchaser in a reduction of the price proportionate to the deficiency.

Order reversed.