MARY HOTALING et al., Appellants, *v.* HARRIET ANN MARSH et al., Respondents, et al., Appellants.

P. died leaving him surviving his widow, a daughter and five grandchildren, two of them children of the daughter, three the children of deceased sons; he died seized of four parcels of real estate. By his will he directed his executors, if his widow consented, to sell said real estate, invest one-third of the proceeds and pay the income therefrom to his widow during her life in lieu of dower, and after her death divide the principal among his grandchildren then surviving; one-third he gave to his daughter, the other third to his daughters-in-law and their children. The testator directed his executors to dispose of his residu-

ary estate or put it in shape to divide equally among his said grand-children "whenever either shall become of age." The will then contained this clause: "It may so happen that my daughter * * * may live to have other children after my death, and after my executors may have divided my estate; in that case, it is my wish that they come in and share in the estate left my wife after her death in preference to the others, so that all my grandchildren may eventually receive the same amount." The widow refused to accept the provision made for her. In pursuance of a judgment in a suit for the partition and sale of the four parcels, three of them were sold, one-third of the proceeds being brought into court and the proceeds invested, the income to be paid to the widow during life as and for her dower interest. Thereafter, and during the life of the widow and before a division of the residuary estate, a child was born of the testator's daughter. *Held,* that the intent of the testator was to provide for every child born of his daughter after his death, and so that G., the child so born, was entitled to the benefit of the provision, although born before a division; also, that the refusal of the widow to accept the provision made for her did not operate to deprive the child so born of such benefit.

The original judgment in the partition suit provided that the principal of the one-third directed to be invested for the benefit of the testator's widow should at her death be divided among the survivors of the five grandchildren, "subject to open and let in and share in the same" any child the testator's daughter "shall have previously had lawfully born to her after the death of said testator, who shall then survive, and provided also that if previously to the birth of said after-born child a division of the residuary estate of the said testator shall have been made, * * * then said after-born child shall be preferred out of the said principal sum * * * to the extent, so far as may be, of making them equal with said five grandchildren." It was claimed that by this provision the after-born child could not share because born previous to the distribution of the residuary estate. *Held,* untenable; also, that, if necessary, the court would have power to amend the judgment.

In an action brought before the birth of G. to obtain a construction of the residuary clauses of the will, it was adjudged that the residuary estate vested at the time of the testator's death in his five grandchildren, subject to open and let in any child lawfully born of the testator's daughter previous to either of the five grandchildren coming of age, and as one of said grandchildren had arrived of age and no child had been born of the daughter, that no child so born thereafter " would be entitled to any share in the said residuary estate." *Held,* that assuming G. was bound by said judgment, it did not affect her right to share in the principal of the one-third set apart for the widow; that it only determined her right to share in the residuary estate, which she did not claim.

Upon an accounting by the executors, G., then an infant, appeared by guardian. The surrogate, in his final decree, distributed the residuary

estate among the other grandchildren, excluding G. *Held,* assuming the decree to be binding upon her, it did not affect the question under consideration here.

(Argued January 22, 1892; decided March 8, 1892.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon two orders made March 14, 1889, one of which affirmed a judgment in favor of plaintiffs entered upon an order of Special Term confirming the report of a referee, and the other affirmed an interlocutory order modifying the report of said referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*W. H. Atwood* for appellant Peters. By no rule of legal construction can Grace S. Marsh be deemed to be a residuary legatee under the third item of said will, entitled to share in any part of testator's residuary estate, or to be paid any preferential sum from any substituted fund, on account of such residuary share. Any construction which would make her a residuary legatee is against the Statute of Perpetuities and void as an illegal restraint on alienation. (*O'Connor* v. *Higgins,* 113 N. Y. 511; *In re Underhill,* 117 id. 471.) No child born to Harriet Ann Marsh, after the plaintiff Clarence Peters arrived at age, can share in the residuary estate. (*Tucker* v. *Bishop,* 16 N. Y. 402–404; *Collin* v. *Collin,* 1 Barb. Ch. 630–637; 2 Jarman on Wills, 75–77; 1 Roper on Legacies, 467; *Hawley* v. *James,* 16 Wend. 61; *Coster* v. *Lorillard,* 14 id. 265; *Andrews* v. *Partington,* 3 Brown's C. C. 401; *Everett* v. *Everett,* 29 N. Y. 39, 71, 75; *Smith* v. *Edwards,* 88 id. 92; *In re Lapham,* 37 Hun, 15; *Roe* v. *Vingut,* 117 N. Y. 204; *Loder* v. *Hatfield,* 71 id. 92.) Where a clause of a will is susceptible of a legal as well as an illegal construction, it is the duty of the court to seize upon the former so as to give full force and effect to the testamentary disposition. (*Roe* v. *Vingut,* 117 N. Y. 211; *Butler* v. *Butler,* 3 Barb. Ch. 304; *DuBois* v. *Ray,* 35 N. Y. 162; *Grover* v.

*Wakeman,* 11 Wend. 193; *Mason* v. *Jones,* 2 Barb. 244; *Atkinson* v. *Atkinson,* 3 P. Wms. 260; *Thellusson* v. *Woodford,* 4 Ves. 312; *Vernon* v. *Vernon,* 53 N. Y. 351, 361; *Thomas* v. *Snyder,* 43 Hun, 14; *Freeman* v. *Smith,* 60 How. Pr. 311; *Wood* v. *Mitchell,* 61 id. 48.) This proceeding is taken at the foot of the judgment in this action, and is to be considered in aid thereof and not hostile thereto, and cannot change the terms and provisions thereof. (Redf. Sur. Pr. 352; *Adair* v. *Brimmer,* 74 N. Y. 539; *Wilcox* v. *Smith,* 26 Barb. 340.) Applying the argument *reductio ad absurdum* to this case, it cannot be claimed for an instant that had there been no actual payment from the residuary estate to the other legatees by the executors before the accounting, that Grace S. Marsh, being then in court, would have been entitled to share therein. (*Morgan* v. *Darden,* 3 Dem. 203.)

*Charles Simkpins* for appellant Simkpins. This is not a special proceeding, but a motion made at chambers. Section 3240 of the Code provides that costs are in the discretion of the court when they are not regulated by law. This action is for partition, and is regulated by law, and the costs have already been given in the original judgment and cannot be given again. (*In re N. Y. & W. R. R. Co.,* 26 Hun, 592; *Stanton* v. *King,* 76 N. Y. 585; *In re P. & H. I. R. R. Co.,* 67 id. 371; *Matler* v. *Holden,* 126 id. 589; *Savage* v. *Darrow,* 4 How. Pr. 74; *Pennell* v. *Wilson,* 2 Abb. [N. S.] 466; 5 Robt. 774; *In re N. Y. P. E. P. School,* 24 How. Pr. 367.) The General Term erred in giving judgment for costs in the sum of $104, and ten dollars costs of the order of affirmance, when the appeals are from orders and not from the judgment. (*Jordan* v. *Van Epps,* 85 N. Y. 427; *Hunt* v. *Hunt,* 72 id. 218; *Jenkins* v. *Fahey,* 73 id. 355; *Prior* v. *Prior,* 49 Hun, 502; *Clemens* v. *Clemens,* 37 N. Y. 59; *Levitt* v. *Wolcott,* 95 id. 219; *Griffin* v. *L. I. R. R. Co.,* 102 id. 449; *Patrick* v. *Shaffer,* 94 id. 430; *Nemetty* v. *Naylor,* 100 id. 562; *Blakley* v. *Calder,* 15 id. 617; *Howell* v. *Mills,* 56 id. 226; *Cromwell* v. *Hull,* 97 id. 209; *Woodhull* v. *Little,* 102 id. 165; *Bobb* v.

*Graham,* 89 Mo. 200.) Grace S. Marsh is only entitled, by the terms and provisions of the judgment herein, to an equal share and interest with the five grandchildren living at testator's death, in the one-third of the proceeds of sale of 177 Reade street, and the said fund, as provided in said judgment. (*Brevort* v. *Brevort,* 70 N. Y. 136; *Monarque* v. *Monarque,* 80 id. 320; *Ferries* v. *Payne,* 81 N. Y. 82; *Vincent* v. *Newhouse,* 83 id. 505; *Moore* v. *Lyon,* 25 Wend. 119; *Mangan* v. *Field,* 48 N. Y. 668; *Livingston* v. *Green,* 52 id. 118; *O'Connor* v. *Higgins,* 113 id. 517; *In re Underhill,* 117 id. 474.) By rejecting the provisions of the will, the widow assents to all the terms and conditions annexed to it. (*Chamberlain* v. *Chamberlain,* 43 N. Y. 440; *In re Benson,* 94 id. 509; *Hanley* v. *James,* 16 Wend. 61, 254.) No child born to Harriet Ann Marsh is entitled to participate in any preferential sum after Clarence Peters arrived at age. (*Tucker* v. *Bishop,* 16 N. Y. 402; *Everett* v. *Everett,* 29 id. 37, 71, 75; *Smith* v. *Edwards,* 88 id. 92; *Walter* v. *Lapham,* 37 Hun, 15; *Collin* v. *Collin,* 1 Barb. Ch. 630; *Hadley* v. *Jones,* 16 Wend. 61; *Coster* v. *Lorillard,* 14 id. 61; 81 id. 82; 83 id. 505; 48 id. 668; 52 id. 118; 25 Wend. 119; 2 Jarman on Wills, 639; 5 Dem. 531.) Grace S. Marsh, having had her day in court, is estopped by it. (*Hyland* v. *Baxter,* 98 N. Y. 110; *In re Hood,* 90 id. 512; *Vanderpoel* v. *Van Valkenburgh,* 6 id. 190.)

*John C. Gulick* for respondent Grace S. Marsh. The renunciation by the widow of the provisions of the will in her favor, and her election to take dower did not affect or prejudice the right of the grandchildren, who were the remaindermen of her share. (1 R. S. 725, § 32; *Moore* v. *Littel,* 41 N. Y. 66.) The infant, Grace S. Marsh, is entitled, as after-born issue of testator's daughter, Harriet Ann Marsh, to be let in under the will of said testator and share with his other grandchildren. (*Reed* v. *Reed,* 46 Hun, 212; 11 N. Y. S. R. 524; *Cromwell* v. *Hull,* 97 N. Y. 209; *Nemetty* v. *Naylor,* 100 id. 562; *Griffin* v. *L. I. R. R. Co.,* 102 id. 449.) This respondent,

the infant, claims that she is first to be paid an amount equal to that heretofore received by the other grandchildren, and then to receive an equal share of the balance, and that thus only can she be preferred in order to make her on an entire equality. (*Ritch* v. *Hawxhurst*, 114 N. Y. 512; *Masterson* v. *Townshend*, 123 id. 458; 1 Jarman on Wills, 534, 542; 2 id. 700, 704; *Stevenson* v. *Leslie*, 70 N. Y. 512; *Tucker* v. *Bishop*, 16 id. 402; *Everitt* v. *Everitt*, 29 id. 71; *Bank of Poughkeepsie* v. *Hasbrouck*, 6 id. 221; *Smith* v. *Wyckoff*, 11 Paige, 49; *Graham* v. *Dickinson*, 3 Barb. Ch. 169; *Acer* v. *Hotchkiss*, 97 N. Y. 395.)

*Valentine Marsh* for other respondents.   The will of Abel S. Peters devised a valid remainder limited upon the life estate in his widow, whether as dowress or devisee, to such of his grandchildren then living, or thereafter, and previous to the death of his said widow to be born, as should survive his said widow.   (*Nodine* v. *Greenfield*, 7 Paige, 544; *Monarque* v. *Monarque*, 80 N. Y. 326; *Moore* v. *Littel*, 41 id. 66; *Miller* v. *McBlain*, 98 id. 517; *In re Ryder*, 11 Paige, 185; *Carmichael* v. *Carmichael*, 41 N. Y. 346; *In re Brown*, 93 id. 299; *Sears* v. *Russell*, 8 Gray, 86; *Rich* v. *Waters*, 22 Pick. 563; *McClung* v. *McMillan*, 1 Heisk. 655; *Bridgwater* v. *Gordon*, 2 Sneed, 5; *Kilpatrick* v. *Johnson*, 15 N. Y. 322; *Cole* v. *Creyon*, 1 Hill's Ch. 311; *Leeming* v. *Sherratt*, 2 Hare, 14.)   Harriet Ann Peters was a party to this action, and her rights were passed upon herein, and she is bound hereby.   (*Helck* v. *Reinheimer*, 105 N. Y. 470; *Embury* v. *Conner*, 3 N. Y. 511.)   Even though strict rights may have been waived and some errors committed in the original proceedings which terminated in the decree entered herein, still all parties thereto are bound by it; their remedy was by appeal. (*Reed* v. *Reed*, 46 Hun, 212; *Griffin* v. *L. I. R. R. Co.*, 102 N. Y. 449; *Clemens* v. *Clemens*, 37 id. 59.)   Under this judgment and decree the interest of Harriet Ann Peters in said one-third, she being a party thereto and having failed to survive her grandmother, has become divested. (*Adams* v.

*Beekman,* 1 Paige, 631.) Upon the death of testator's widow, the principal of said one-third vested absolutely in the grand-children, whether alive at the time of testator's death or after-born, who then survived as tenants in common. (*Kilpatrick* v. *Johnson,* 15 N. Y. 322 ; *Cole* v. *Creyon,* 1 Hill's Ch. 311 ; *Monarque* v. *Monarque,* 80 N. Y. 320.)

Haight, J. Abel S. Peters died on the 14th day of May, 1859, leaving a last will and testament, which was duly proved and admitted to probate before the surrogate of the city and county of New York on the twentieth day of September there-after. He left him surviving his widow, Harriet Peters ; Harriet Ann Marsh, his only surviving child ; Clarence Peters, Franklin Peters, Harriet Ann Peters, children of the testator's deceased sons, Milton and Franklin ; Mary Hotaling and Ellen Campbell, formerly widows of his deceased sons ; Valentine Marsh and Frank Marsh, sons of the testator's daughter, Harriet Ann Marsh, his only legatees and heirs at law..

This action was commenced on the 14th day of November, 1859, for a partition and sale of four parcels of real estate of which the testator died seized, and final judgment was entered therein on the 18th day of November, 1861. Under such judgment three of the parcels were sold, but that known as No. 177 Reed street, in the city of New York, has never been sold.

On January 30, 1870, Grace S. Marsh was born of the defendant Harriet Ann Marsh, and on the 14th day of January, 1888, on her petition, an order was made that she be made a party defendant to this action, and that a reference be had to ascertain her right, share and interest in and to the premises in question, etc.

Under the final judgment originally entered in this action, one-third of the proceeds arising from the sale of the three parcels of real estate was brought into court and deposited with the chamberlain of the city and county of New York, with directions to invest the same and to pay the interest accruing thereon to Harriet Peters, the widow of the testator, during

her life, as and for her dower interest in the premises sold. She died on the 24th day of September, 1887. The Special Term ordered judgment that the infant Grace S. Marsh was entitled to be preferred out of the principal sum to be divided upon the death of Harriet Peters, the widow of the testator, to the extent of making her on an equality with the five other grandchildren who participated in the division of the residuary estate of the testator. Her right to be so preferred is the question presented upon this review. It involves a construction of the testator's will.

In the second clause the testator describes the four parcels of real estate for which this action was originally brought to partition, and then empowered his executors to dispose of the same if his widow consent, and invest one-third of the proceeds in bonds and mortgages, the interest of which they were directed to pay her semi-annually during her life, and after her death divide the same among his grandchildren that survived her. Of the remaining two-thirds he gave one-half to his daughter Harriet Ann, and the other half was disposed of between his daughters-in-law and their children.

The third clause of the will provides that : " Of all my other estate, whether real or personal, held by me or in trust for me at the time of my death, it is my wish that my executors dispose of the same or put it in shape to divide among my grandchildren so that each may receive their share on becoming of age, for which purpose I hereby authorize them to sell all or a part of the whole, or divide up and hold such part as they may think to the interest of the youngest ones, for instance : The two front and rear houses Nos. 134 and 136 West 13th street is lease property, and now pays double what the principal would if sold, all of which my said executors shall divide equally as near as may be among my grandchildren, viz., the children of my daughter Harriet Ann Marsh, and the children of my two sons Milton and Franklin, of the latter is Clarence Peters, Franklin Peters and Harriet Ann Peters, or their survivors, whenever either shall become of age. It may so happen that my daughter Harriet Ann may live to have other children

after my death, and after my executors may have divided my estate. In that case it is my wish that they come in and share in the estate left my wife, after her death, in preference to the others, so that all my grandchildren may eventually, as near as may be receive the same amount."

The widow refused to accept the provision made for her in the will and she was, therefore, awarded dower instead. ·

It is true that Grace S. Marsh was not born after the executors divided the residuary estate, but she was born after the death of the testator and before the death of his widow and the distribution of that portion of his estate set apart for her use during her life.

"It may so happen that my daughter Harriet Ann may live to have other children after my death and after my executors may have divided my estate." The word "and" is used to connect two phrases, from which it is argued that the child must be born both after the death of the testator and after his executors had divided his estate, in order to be entitled to the provision. He had in his will named his living grandchildren and made provision for each. He also made provisions for after-born children of his daughter Harriet Ann. No reason is shown why he should exclude those born after his death and before the distribution of his estate, and still bring in those born after the distribution. In construing wills the court may transpose, reject or supply words in order that the intention of the testator may be expressed and carried out and to avoid absurd and unjust results. He evidently intended to provide for every child born of his daughter either after his death or after the distribution of his estate.

The refusal of the widow to accept the provision made for her in the will in lieu of dower cannot operate to disinherit the infant Grace, or deprive her of the provision made for her as an after-born child. These rights were recognized and provided for in the original judgment entered herein thirty years ago, in which all the heirs at law and legatees, other than the infant Grace, were parties, and they are consequently bound thereby. As to the remainder of the clause the language of

the will is clear and specific and the testator could not well have expressed his intention in plainer words: "It is my wish that they come in and share in the estate left my wife after her death in preference to the others, so that all my grandchildren may eventually, as near as may be, receive the same amount."

Indeed, we do not understand his intention as determined and adjudged by the Special Term to be seriously questioned, but the claim is made that under the provisions of the original judgment entered herein Grace cannot be preferred out of the third reserved for the widow, for the reason that she was born before there was a division of the residuary estate.   That judgment provided as we have seen that one-third of the proceeds of the sale of the real estate be paid to the chamberlain to be invested and the interest to be paid to Harriet Peters, the widow, during her life, and at her death the principal sum so invested to be divided between the five grandchildren of the testator, or such of them as should survive, "subject, however, to open and let in to share in the same any children that said Harriet Ann Marsh shall have previously had lawfully born to her after the death of said testator, who shall then survive, and provided also that if previously to the birth of said afterborn children a division of the residuary estate of the said testator shall have been made by said executors between said five grandchildren, or the survivors of them, then said afterborn children shall be preferred out of the said principal sum to be divided upon the death of said Harriet Peters to the extent as far as may be of making them equal with said five grandchildren."

We thus have the language of the decree providing for the opening thereof to let in any child or children of Harriet Ann Marsh born to her after the death of the testator who shall then survive, and that such after-born child or children shall be preferred out of the principal sum to be divided on the death of the widow, and yet under the proviso it is claimed that such child or children cannot share such principal sum if they were born previously to the distribution of the residu-

ary estate.  Such proviso could not have correctly expressed the intention of the court, for it was held, as we shall subse-quently show, that such child or children had no part or inter-est in such residuary estate.  We think the construction con-tended for ought not and should not prevail.  It is contrary to the expressed wish of the testator as well as the evident inten-tion of the court, as is apparent from the other provisions of the judgment.  This is a proceeding in the action and upon the judgment entered.  Grace has been made a party, and if necessary the court would have power to amend the judgment in that regard in order that the will of the testator might be carried out.  But under the view taken by us, the judgment as entered should receive a reasonable construction, the one which was evidently intended by the court, and which will carry out the intention of the testator.

On the 10th of May, 1861, an action was brought to have the clauses of the will marked " thirdly " and " lastly " con-strued, and thereupon judgment was entered on the 4th day of December, 1862, in which it was adjudged that the residu-ary estate of the testator vested at the time of his death in his five grandchildren (naming them) ; " that said residuary estate so vested in said five grandchildren subject to open and let in any children lawfully born of the defendant Harriet Ann Marsh previous to either of the testator's grandchildren arriv-ing at lawful age ; that said grandchildren take in equal shares, each to receive his or her share on arriving at lawful age, and the said defendant Harriet Ann Marsh having had no children born to her since the death of said testator and the defendant Clarence Peters having arrived at lawful age in less than three months after the death of the testator, as found by said decision, it is also adjudged and decreed that said defendant Clarence Peters was so entitled to receive his share on so arriving at lawful age, and that no child born to said Harriet Ann Marsh after the said Clarence so arrived at lawful age would be enti-tled to any share in said residuary estate."

It is claimed that Grace is bound by this judgment, and that under it she is precluded from taking any share in the estate

under the will for the reason that she was not born until after Clarence arrived at lawful age. The court, in ordering judgment in that case, doubtless intended to follow the rule adopted in the case of *Tucker* v. *Bishop* (16 N. Y. 402), and it is claimed to be binding upon Grace under the authority of *Brevoort* v. *Brevoort* (70 N. Y. 136), and *Monarque* v. *Monarque* (80 N. Y. 320). But without considering these questions for the purposes of this argument we will assume that the judgment construing the will was correct, and that it is binding upon Grace. It adjudges that no child born to Harriet Ann Marsh after Clarence Peters arrived at lawful age would be entitled to any share in the residuary estate of the testator, and he having arrived at age within three months after the testator's death, it follows that Grace had no interest or share in such estate. But she is not here claiming any interest in such residuary estate. The will purports to give her no interest or share in the residuary. The interest or share given her is in the proceeds of the four parcels of real estate which was disposed of by the second clause of the will. Her share was to be preferred and paid out of the third of the proceeds set apart for the use of the widow during her life. No construction of this clause was asked for or had in the action that was brought to construe the will. The construction was as to the third clause and to the residuary estate therein mentioned which embraced "All my other estate, whether real or personal, held by me or in trust for me at the time of my death."

True, the preference under which Grace maintains her claim is incorporated at the end of the third clause, but that clause received construction or adjudication in that action, only in so far as it pertained to the residuary estate, and not as to the four parcels of real estate disposed of under the second clause.

Again, it appears that on the 17th day of June, 1870, an accounting was had by the executors before the surrogate; that on such accounting Grace, then an infant of six months, appeared by a special guardian, and that the surrogate in his final decree on that date entered, distributed the residuary estate among the five grandchildren excluding Grace, thus fol-

lowing the judgment of the court entered upon the construction of the will.

Assuming this decree to be binding upon her, it has nothing to do with the question under consideration, for as we have already shown, she is not asking for or claiming any interest in the residuary estate.

We have considered the other questions presented, but find none that point to error.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.