PLANO MANUFACTURING COMPANY *vs.* NORTHERN PACIFIC ELEVATOR COMPANY.

Submitted on briefs Oct. 4, 1892. Decided Oct. 27, 1892.

Conversion—Demand.

> An answer, merely denying the allegations of the complaint in an action for conversion, does not dispense with proof of a demand, where a demand and refusal are necessary to show a conversion.

Appeal by defendant, The Northern Pacific Elevator Company, from a judgment of the District Court of Wadena County, *Holland,* J., entered September 30, 1891, for $109.52, damages and costs.

Joseph Reiner, on June 28, 1888, mortgaged to the Plano Manufacturing Company all crops to be harvested during the seasons of 1888 and 1889, on eighty acres of land owned by him in Otter Tail County. Reiner raised on this land during the summer of 1888, one hundred and fifty-two bushels of wheat. In October, 1888, one Wagoner, acting for Reiner, delivered eighty-seven bushels of this wheat at defendant's elevator, and defendant purchased it, having notice of the chattel mortgage, but not knowing that the wheat delivered was Reiner's.

This action was brought by the plaintiff, the Plano Manufacturing Company, against the defendant, alleging a conversion of the wheat by defendant, and a demand therefor by plaintiff, and asking judgment for the value thereof. The defendant's answer was a general denial. No demand was proved, but the court ordered judgment for the plaintiff, which was entered, and defendant appeals.

*A. C. Davis* and *Spaulding Phelps,* for appellant.

*A. G. Broker,* for respondent.

GILFILLAN, C. J. There was no evidence of a demand in this case, and no evidence of any act of conversion. The wheat was received by the defendant in good faith, without knowing it was not the property of the persons from whom it was received, and it does not appear what afterwards became of it. Where one comes into possession of personal property in good faith, as by *bona fide* purchase, his

possession is not wrongful as to the true owner, so that an action may be maintained against him, until he has had an opportunity, upon proper demand, to restore it to such owner, and has refused. A demand may be dispensed with where the conduct of the party is such as to show that he would not have complied with it; as where, when sued in replevin, he asserts superior title, and demands judgment for its restoration to him.

Putting the plaintiff upon proof of his title and of the alleged conversion (and that is all the answer in this case does) has no such effect.

Judgment reversed.

(Opinion published 53 N. W. Rep. 202.)