THERON HOVEY, Respondent, *v.* CHARLES BROMLEY, Appellant.

*Trover — when a demand and refusal must be shown — what constitutes conversion.*

To maintain an action of trover against one who receives property in good faith, ignorant of the want of title in the one from whom he received it, a demand and refusal must be shown.

Proof merely of the purchase of goods from one who did not own them, and had no right to sell them, does not establish a conversion of them, unless the buyer

afterwards refuses to return them to the owner on demand, or converts them to his own use, so that he cannot return them if requested.

If one purchases stolen goods in good faith, a demand and refusal are necessary to establish conversion. If, however, the goods be sold by a person receiving them, no demand is necessary. The act of selling would, in such a case, constitute a conversion. The purpose of the demand is to turn an otherwise lawful possession into an unlawful one.

If one in possession of property as the apparent owner sells it to another, trover does not lie in favor of the true owner against the purchaser, unless the latter assume dominion over the property after notice of the true owner's title. An intention must be shown on the part of the purchaser to take to himself the property in the goods or to deprive the owner thereof.

Upon the trial of an action brought to recover damages for the alleged wrongful conversion by the defendant of a mule belonging to the plaintiff, it appeared that the plaintiff left the mule in charge of his servant; that the servant let the mule to the defendant without authority to do so, but without knowledge on the part of the defendant that the mule in question was not the property of such servant. While the mule was in the possession of the defendant and was being worked by him he was taken sick. The defendant immediately sent word to the servant of the plaintiff, who communicated at once with the plaintiff the fact that the mule was sick. The plaintiff thereupon came and took charge of charge of the mule, which subsequently died. The evidence showed that the mule was carefully used by the defendant, and that nothing that he did with the mule in any manner contributed to his sickness or death.

*Held,* that there was no evidence of a conversion on the part of the defendant; that even if the plaintiff had made out a case showing a technical conversion he was not entitled to recover anything more than his actual damages, which under the circumstances were only nominal.

APPEAL by the defendant, Charles Bromley, from a judgment of the County Court of Erie county in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 18th day of December, 1893, upon the verdict of a jury, and also from an order entered in said clerk's office on the 29th day of December, 1893, denying the defendant's motion for a new trial made upon the minutes.

*George E. Towne,* for the appellant.

*J. M. Congdon,* for the respondent.

LEWIS, J.:

This action was commenced in Justice's Court to recover damages for the alleged wrongful conversion by the defendant of a mule, the property of the plaintiff. The answer was a general denial.

Plaintiff recovered a verdict of sixty dollars in the Justice's Court. An appeal was taken from the judgment to the County Court of Erie county where the case was retried.

The court charged the jury that the only question for them to determine was the value of the mule. To this ruling the defendant duly excepted. The jury rendered a verdict for the plaintiff for fifty-five dollars damages.

There was evidence tending to show the following facts: The plaintiff was the owner of two mule teams, and on the 18th of July, 1892, he put them to work upon the railroad at a distance of about ten miles from his home. He hired one Hopson to drive and care for one team, known as the large mules, and one Prentice to drive and care for the other, known as the small mules. The plaintiff arranged a place for the drivers and teams to board and returned to his home. The driver Hopson, on the first day of August, went to the house of the plaintiff with one of the large mules, leaving the other one in the barn in charge of Prentice. The defendant was also working upon the railroad with two of his own teams. He boarded at the same house with plaintiff's teamsters. One of his horses having a sore neck he hired of Prentice the large mule left in the barn to work with his horse.

He worked him during the forenoon of the second of August, and in the afternoon of that day the mule became lame and sick and lay down and refused to work. The defendant sent word to Prentice that the mule was sick, and during the afternoon he cared for and doctored the animal. Prentice sent word to the plaintiff. The plaintiff arrived in the evening of that day and found the mule lying upon the grass unable to get up. He took charge of the mule, administered to him remedies, and with the help of the defendant, on the morning of the third of August, drew him to the barn, where he died during the day.

The evidence tended to show that the mule was carefully used by the defendant, and that nothing that he did with him in any manner contributed to his sickness or death. The defendant did not know that the plaintiff owned or had any interest in the mule. He supposed it belonged to Prentice. The latter had no right to allow defendant to use the animal.

The trial court held upon these facts that as a matter of law the

defendant had converted the mule, and was liable for its use. We fail to find in these facts evidence of conversion. Having received him from Prentice in good faith, in ignorance of his want of title, before the defendant could be made liable for conversion, a demand and refusal were necessary. Defendant was not shown to have made any claim, or to have exercised any dominion over the animal to the exclusion of the plaintiff's rights. No intentional wrong on the part of the defendant was proven. When plaintiff arrived he took possession of his property, and remained in possession until it died.

It will appear from an examination of the authorities to which we are referred by the respondent's counsel, that the purchasers were either shown to have exercised dominion over the property to the exclusion of the true owner, or to have disposed of it so that it could not be returned to the true owner, or to have been guilty of some tortious act in reference to it.

It was held in the case of *Plano Mfg. Co.* v. *N. Pac. El. Co.* (51 Minn. 167) that, to maintain trover against one who received property in good faith, ignorant of the want of title of the one from whom he received it, a demand and refusal must be shown. The mere purchase of goods from one who did not own them, and has no right to sell them, does not constitute conversion, unless the buyer afterwards refuse to return them to the owner on demand, or has converted them to his own use, so that he cannot return them if requested. ( *Valentine* v. *Duff* [Ind. App.], 34 N. E. Rep. 453.)

If one purchase stolen goods in good faith, a demand and refusal are necessary to establish conversion. If, however, the goods be sold by the person receiving them, no demand would be necessary ; the act of selling would, in such a case, constitute the conversion. The purpose of the demand is to turn an otherwise lawful possession into an unlawful one. (*Pease* v. *Smith*, 61 N. Y. 477.)

If one in possession of property as the apparent owner sell it to another, trover does not lie in favor of the true owner against the purchaser unless the latter assumes dominion over the property after notice of the true owner's title. An intention must be shown on the part of the purchaser to take to himself the property in the goods, or to deprive the owner thereof. (*Parker* v. *Middlebrook*, 24 Conn. 207 ; 2 Hilliard on Torts, 97.)

If the plaintiff had made a case showing a conversion. of the property, still this judgment should not be allowed to stand for the reason that the damages are excessive. There is nothing in the case tending to show that the use of the mule by the defendant in any way tended to its sickness or death.

The evidence was that he was kindly and properly used by the defendant, and without any apparent cause he became sick and died, and yet, with this evidence undisputed, the jury found a verdict for fifty-five dollars damages. The plaintiff's witnesses, it is true, testified that the mule was worth even more than the amount of the verdict, but they obviously based their opinion as to value upon the assumption that the mule, when it came in the defendant's possession, was well. They must have assumed that its use by the defendant in some way caused its death. Such an assumption was not justified by the facts. Had the plaintiff established a technical conversion, he was not entitled to recover anything more than his actual damages, which, under the circumstances, were nominal.

The judgment and order appealed from should be reversed and a new trial granted, with costs to abide the event.

DWIGHT, P. J., and BRADLEY, J., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.