(14 Misc. Rep. 314.)

## HOFF v. COUMEIGHT.

(Common Pleas of New York City and County, General Term. November 4, 1895.)

PLEADING AND PROOF—NEW CAUSE OF ACTION—SUBSTITUTION BY CONSENT.

    In an action for conversion of a bank book, the complaint failed to al-lege a demand for its return, or that it was tortiously obtained by defend-ant; but plaintiff was allowed, without objection, to prove that, while her intestate was partially bereft of her mental powers, defendant obtained her signature to checks to his order, and thus obtained the deposit on which the book was issued. *Held*, that defendant consented to the substi-tuted cause of action.

Appeal from city court, general term.

Action by Louise Hoff, as administratrix of Philibertha Legry, deceased, against Jean Coumeight for conversion. From a judg-ment of the general term of the city court (32 N. Y. S. 1144), af-firming a judgment entered on a verdict in favor of plaintiff, de-fendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Joseph C. Rosenbaum, for appellant.
H. C. Kudlich, for respondent.

BISCHOFF, J. The action was in conversion, and at the trial, before any evidence was taken, the defendant's counsel moved the

dismissal of the complaint for insufficiency in substance. The motion was denied, and the complaint was not thereafter amended.

We think that the exception to the ruling presents error for which the judgment rendered at trial term of the court below would have to be reversed but for the waiver and substitution of a cause of action differing from the one attempted to be alleged in the complaint, and hereinafter referred to. Baylie, Trial Prac. 169, and cases collated. It was alleged in the complaint that the plaintiff's intestate "had on deposit in the Manhattan Savings Institution in the city of New York the sum of three hundred and fifty-four $^{72}/_{100}$ ($354.72) dollars, under the name of Philibertha Bailly, and on which deposit she received and held a bank book, issued by said bank under said name; further, that between the 15th day of September, 1892, and the 22d day of November, 1892, at the city of New York, the defendant came into possession of the said bank book, and between said days drew from said deposit, wrongfully obtained possession of, and converted to his own use, the sums so on deposit in said bank, excepting the sum of nine $^{72}/_{100}$ dollars, to the damage of intestate of three hundred and forty-five ($345.00) dollars."

Viewing the complaint in either aspect, the allegations were insufficient to show a conversion of the bank book or of moneys belonging to the plaintiff or her intestate. It was not alleged that the defendant tortiously secured possession of the bank book, in which event an allegation of demand and refusal of its return would have been unnecessary. Powell v. Powell, 71 N. Y. 71; Hovey v. Bromley, 85 Hun, 540, 33 N. Y. Supp. 400; Hayes v. Insurance Co. (Ill. Sup.) 1 Lawy. Rep. Ann. 303, 307, and cases collated in note (18 N. E. 322); Cooley, Torts (2d Ed.) 530, 531. In the absence of an allegation to the effect that such possession was tortiously acquired, however, a cause of action in conversion was not apparent, without an allegation of the defendant's refusal to return the bank book after due demand therefor. Hall v. Robinson, 2 N. Y. 293; Tripp v. Pulver, 2 Hun, 511; 5 Am. & Eng. Enc. Law, "Demand," subtit. "Trover," p. 528. No such demand and refusal were alleged.

With regard to the moneys which the defendant was alleged to have withdrawn from the Manhattan Savings Institution, the complaint not only failed to show the right of the plaintiff or of her intestate to the possession thereof, but it affirmatively appeared that neither of said persons was entitled to the possession of such moneys; yet the plaintiff's right to the possession of the thing alleged to have been converted is a constituent of a valid cause of action in conversion. Deeley v. Dwight, 132 N. Y. 39, 30 N. E. 258; Clements v. Yturria, 81 N. Y. 285; Kerner v. Boardman (Com. Pl.) 14 N. Y. Supp. 787. The moneys deposited by the plaintiff's intestate became the property of the bank; her relation to the bank, in respect to those moneys, being that of creditor. Aetna Nat. Bank v. Fourth Nat. Bank, 46 N. Y. 82; 2 Am. & Eng. Enc. Law, "Banks and Banking," subtit. "Depositors and Customers," p. 93, and cases in notes. Hence, if the defendant wrongfully secured possession

of moneys from the bank, the latter, and not the plaintiff or her intestate, was prima facie entitled to the return thereof.

Without objection, however, the plaintiff was permitted to introduce evidence which was abundantly to the effect that while the plaintiff's intestate was confined to her cot in the hospital of the "Société Francaise de Bienfaisance," stricken with paralysis, and wholly or partially bereft of her mental powers, the defendant secured her signature to checks to his order, and aggregating $345, by means of which he obtained that amount from the Manhattan Savings Institution for the account of the plaintiff's intestate. That the procurement of the checks under the circumstances mentioned was a fraud upon the intestate, their possession by the defendant tortious ab initio, and the receipt of their amount from the bank, to the detriment of the intestate, a conversion of the checks, are self-evident propositions. Under the authorities hereinbefore referred to, therefore, a demand for the return of the checks was not essential to a sufficient cause of action; and, having consented to the litigation of the substituted cause of action, such consent being inferable from the omission to object to the proof thereof, the defendant will not on appeal be heard to complain that the recovery was upon a cause of action which was not alleged in the complaint. Knapp v. Simon, 96 N. Y. 284; Frear v. Sweet, 118 N. Y. 454, 23 N. E. 910. As to the weight of the evidence, the judgment of affirmance of the court below is conclusive upon us. Meyers v. Cohn, 4 Misc. Rep. 185, 23 N. Y. Supp. 996.

Viewing the action as having proceeded for the conversion of the checks, the trial justice properly refused the request of the defendant's counsel to charge that no conversion was shown. Other exceptions to rulings which are urged on this appeal do not present sufficient merit to require discussion.

The judgments of the trial and general terms of the court below should be affirmed, with costs. All concur.