ANDREW JUMISKA v. ARTHUR C. ANDREWS and Another.[1]

December 5, 1902.

Nos. 13,118—(122).

**Replevin—Demand.**

Where a party comes into the possession of personal property of a third person by purchase in good faith, without notice of any defect in the title, he is authorized, before action is commenced for its recovery, to have notice and demand therefor.

**Evidence—Chattel Mortgage.**

Facts in this case considered, and *held*, that the evidence so signally fails to establish either fraud in securing the execution of a chattel mortgage, or of a demand upon the innocent purchaser at the foreclosure sale, as to require an order for judgment for the defendant.

Action in the district court for Otter Tail county to recover .$82.08, and interest, for the conversion of wheat. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From a judgment entered pursuant to the verdict, defendants appealed. Reversed, and judgment ordered for defendants.

*Robert J. Wells, Chas. E. Wolfe* and *W. E. Purcell,* for appellants.

*P. V. Coppernoll,* for respondent.

LOVELY, J.

Plaintiff owned a quantity of wheat raised on his farm in Otter Tail county. He was indebted to the Deering Harvester Company, and gave a note therefor, secured by a chattel mortgage, which,

[1] Reported in 92 N. W. 470.

on its face, covered a harvester and wheat raised on his farm. The mortgage was foreclosed. Defendants purchased the wheat at the sale. Plaintiff brings this action to recover it. The cause was tried to the court and a jury. At the close of the evidence defendants requested an instructed verdict in their favor, which was denied. A verdict was returned for plaintiff. Defendants then moved for judgment in their favor notwithstanding the verdict, which was refused. Judgment for plaintiff was entered. Defendants appeal.

The trial court submitted the cause to the jury upon two issues: First, whether the mortgage given upon the crops was procured through fraudulent misrepresentations of the Deering agent as to its contents; and, second, if it was so obtained, whether a demand was made upon defendants for the return of the wheat by the plaintiff.

A careful examination of the evidence leads us to the conclusion that it was insufficient to warrant its submission to the jury on either proposition. It was admitted by plaintiff that he was indebted to the Deering Company; that he executed the note, and also a chattel mortgage. He then says:

"I didn't understand. There was a little bit of lines on the paper, and I was told to sign that. I didn't understand what it was."

The mortgage was not produced, but a copy was used at the trial, and in answer to the question plaintiff said:

"I didn't sign any paper like that at all. The paper I signed wasn't quite as large as this one, and the only writing there was a little on the top here."

Then, in answer to a further question whether there was anything in the mortgage he signed about the crops, he answered, "No." It also appeared that this witness could not read English. This is substantially all the evidence to establish the claim that a vicious and criminal fraud had been perpetrated by the agent of the Deering Company by inserting property in the mortgage contrary to the intention of the parties. Remembering that the mortgage itself was not produced, but that a copy was furnished at the

trial; also that the witness was not able to read English, or apparently to understand it well,— the attempt on his part to establish fraud by the statement that the paper presented in court was not like the one he signed is obviously too trivial to constitute the basis of judgment, and yet it furnished the only real evidence to establish the fraud alleged.

It is well settled upon authority that a written instrument executed for the purpose of evidencing the agreement of parties should not be set aside upon the ground of fraud unless the proof be clear and strong. McCall v. Bushnell, 41 Minn. 37, 42 N. W. 545. The instrument itself, in such a case, becomes a strong wall of evidence, not to be overcome by any unsatisfactory oral testimony; and a verdict against it on evidence of the character produced in this case cannot be allowed to prevail. Oxford v. Nichols & Shepherd Co., 57 Minn. 206, 58 N. W. 865.

Again, the defendants purchased the wheat at a foreclosure sale in good faith, and, whatever might have been the relations between the original parties, the negligence of the plaintiff in putting his name to an instrument that affected his rights without requiring it to be read, or even to have a statement of its contents, which does not seem to have been requested, precludes plaintiff's reliance upon the fraud as a defense.

Under the evidence it also appears conclusively that the property in question came into the possession of defendants as bona fide purchasers upon a foreclosure sale of a chattel mortgage. Under such circumstances, the possession not being with knowledge of plaintiff's claim, no action can be maintained against the persons holding it until a proper demand to restore it to the owner had been refused. Plano Mnfg. Co. v. Northern Pac. Ele. Co., 51 Minn. 167, 53 N. W. 202. In this case an attempt was made to prove that such a demand had actually been made. Plaintiff was at the premises where the wheat was stored after purchase by defendants; he talked about it to their agent, but did not request its return, and in substance admits that he made no demand therefor. For these reasons it was error for the trial court to refuse to instruct the jury to find in favor of defendants, as well as to refuse to direct a judgment therefor notwithstanding the verdict.

The evidence upon the issue of demand was so conclusive that no honest effort to prove the same hereafter would avail the plaintiff.

It is therefore ordered that the judgment be reversed, and that the cause be remanded, with orders to enter judgment for the defendants.