## PETER KAUTENBERGER v. JOHN U. JOHNSON.[1]

November 26, 1915.

Nos. 19,469—(138).

**Specific performance — fraudulent representations.**

> In an action for specific performance of a contract to convey land, in which defendant interposed in defense fraudulent representations and fraudulent concealment of material facts, by reason of which he was induced to enter into the contract, it is *held*, that the findings of the trial court that there were no fraudulent representations or concealment of material facts, are not clearly or manifestly against the evidence.

Action in the district court for Cottonwood county to obtain specific performance of defendant's agreement to exchange land and the execution of a warranty deed to plaintiff of the land belonging to defendant. The case was tried before Nelson, J., who made findings and ordered judgment in favor of plaintiff. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Hammond & Farmer*, for appellant.

*O. J. Finstad*, for respondent.

[1]Reported in 154 N. W. 943.

Brown, C. J.

The facts in this case briefly stated are as follows: Plaintiff is a retired farmer and defendant a merchant, both residing at the time of the transaction here in question in the state of Iowa. Plaintiff was the owner of a tract of land in Iowa, consisting of about 122 acres which he valued at $150 per acre. Defendant owned a half section of land in this state which he valued at about $90 per acre. Plaintiff's land was clear of encumbrance, while that of defendant was mortgaged for the sum of $6,000. On October 8, 1913, the parties, both being aided by real estate agents, after some preliminary negotiations, effected an exchange of lands, and plaintiff agreed to convey his Iowa land to defendant, and defendant agreed to convey his Minnesota land to plaintiff upon the payment of $4,000, the difference in value of the respective lands as agreed to by the parties; plaintiff also to assume and pay the mortgage against defendant's land. The contract was in writing, and fully expressed the agreement between the parties. On the theory and contention that he had been defrauded and deceived by plaintiff in respect to the character of plaintiff's land, defendant refused to comply with the contract, and this action was brought to secure specific performance thereof. Plaintiff had judgment and defendant appealed from an order denying a new trial.

The only substantial question presented is whether the evidence supports the findings of the trial court to the effect that the contract was not procured by fraud or fraudulent representations, or by the concealment of material facts. The rule guiding us in the determination of such questions has often been stated, to the effect that findings of the trial court upon disputed questions of fact will be disturbed only when clearly and manifestly against the weight of the evidence. We are unable to reach that conclusion in this case.

Defendant urged in support of his refusal to perform the contract: (1) Certain alleged fraudulent representations concerning the situation of the land; and (2) alleged fraudulent concealment of material facts. As to the first it may be said, without extended discussion, that the evidence upon the issue of representations claimed to have been made by plaintiff was contradictory, presenting a question peculiarly for the trial court to determine. The evidence is not clearly against its conclusion,

and we sustain the findings in this respect. The same result follows from a consideration of the evidence upon the question of fraudulent concealment of material facts. Plaintiff's land is located in Harrison county, Iowa, and near the Missouri river. The river is treacherous at this point, and for the past few years the waters thereof have washed away its banks and encroached upon and totally destroyed large tracts of farm land. The river is about a mile wide, and the cutting of its banks and washing away of adjoining land has been gradual. The fraudulent concealment relied upon by defendant, coupled to a certain extent with the alleged fraudulent representations, concerns this action of the river; defendant insisting that plaintiff had knowledge of the facts, and fraudulently failed to disclose them at the time of the transaction. There is no controversy as to the action of the river, or as to the result of the overflow of its waters, and we are only concerned with the question whether plaintiff neglected any duty he owed to defendant in not fully explaining the situation to him. Before making the contract of exchange defendant personally visited plaintiff's land, examined the same, and had the fullest opportunity of ascertaining, by inquiring or otherwise, all the facts he now claims were concealed from him. He was aware of the presence of the river, and of the fact that it had been overflowing its banks, and was in no way precluded from learning the whole truth. In fact he made inquiry of some landowners in the neighborhood concerning the land, and received no intimation from them that the particular land was at all in danger of overflow. The river is about one mile from the land, and the only danger of damage or injury therefrom, is the possibility that the waters thereof, in the course of time, may engulf and overflow the intervening land and finally reach and damage or destroy this land. It is defendant's contention that plaintiff was aware of and appreciated this danger and was under obligation to disclose it. If the situation stated was known to plaintiff, and defendant had not been afforded full opportunity to learn the facts, a concealment of the situation no doubt would be ground for relief. But in the light of the facts here disclosed, the general knowledge of defendant upon the subject, the fact that he examined the land, was aware of the near presence of the river, and of the further fact that it had overflowed its banks and cut the same away, we are unable to say that

the trial court proceeded against the evidence in finding plaintiff free from fraud in this respect. Fraud, to be the basis of overturning a contract deliberately made and entered into, must be made clearly and unequivocally to appear. Jumiska v. Andrews, 87 Minn. 515, 92 N. W. 470; McCall v. Bushnell, 41 Minn. 37, 42 N. W. 545; Michaud v. Eisenmenger, 46 Minn. 405, 49 N. W. 202. It was not so clearly shown in this case as to justify us in declaring the findings of the trial court manifestly against the evidence.

The other assignments of error do not require special mention. Plaintiff having prevailed in the action was entitled to costs and disbursements, and the trial court properly so ordered.

Order affirmed.