SARAH L. KNAPPEN vs. ORLANDO H. FREEMAN.

December 12, 1891.

Action on Note—Defence Fraud and Rescission. — In an action on a note, an answer alleging that the note was given upon a purchase of real estate by defendant from plaintiff; that defendant was induced to make the purchase by the fraud of plaintiff, (setting it forth;) that, as soon as defendant discovered the fraud, he commenced suit to rescind, and tendered a reconveyance on condition that plaintiff surrender the note,—is good.

Disaffirmance of Contract—Action to Rescind.—Bringing an action to rescind a contract is a sufficient disaffirmance of it for the purpose of the action.

Same—Sufficiency of Complaint—Previous Offer to Return Unnecessary.—In the complaint in such an action it is not necessary to allege a disaffirmance, or a previous offer to return what plaintiff received upon the contract, nor make an offer to do what the court may require as a condition of granting relief.

Same—Positive Affirmation, how Construed.—When a party in making a contract makes an affirmation positive in form, it is to be taken as made as of his own knowledge, and not as upon information or belief.

Same—False Representation by Husband in Sale of Wife's Real Estate.—When a married woman employed her husband to negotiate a sale of her real estate, and in such negotiations he made false representations, upon an action by the purchaser to rescind the sale the representations are to be held as though made by herself. She cannot retain the benefits of his negotiations, and repudiate the means by which they were obtained.

Same—Value of Property, when Immaterial.—When one has a right to rescission of a purchase on the ground of fraud, in an action for that purpose the value of the property is immaterial.

Practice — Order for · Judgment — Error in Computation, how Corrected.—Where, in an order for judgment for the recovery of money upon a trial by the judge, the gross sum stated is, on the face of the decision, the result of a mere error in computation, or in adding up items, the proper·remedy is by motion to correct it.

Appeal by plaintiff from an order of the district court for Hennepin county, refusing a new trial after a trial before *Smith*, J., and judgment ordered for defendant.

*James O. Pierce*, for appellant.

*Flannery & Cooke*, for respondent.

Gilfillan, C. J.    Action on a promissory note.    The answer contains—*First*, what is evidently intended for a defence ·to the note; *second*, what is pleaded as a counterclaim, and on which affirmative relief a judgment for money is demanded.    The defence alleges that the note was given upon and for a part of the consideration of a sale and conveyance of real estate by plaintiff to defendant.    That, to induce him to· make the purchase, the plaintiff falsely and fraudulently represented to him that the land was high and rolling, covered with a growth of scrub oak, and good farming land suitable for cultivation, and that he made the purchase relying on such representations, and as consideration therefor paid in cash, on making the contract of sale, $200; and on receiving the deed, $550 ; assumed the payment of a mortgage on the land ; and executed the note in suit.    That in fact the land was not high and rolling, was not covered with scrub oak, was a swamp and lake covered with water, and unfit for cultivation.    That immediately on discovering the fraud he commenced an action to have the note delivered up and cancelled, and executed and tendered to plaintiff, on condition of her returning the note to him, a deed reconveying the real estate, with covenants of warranty against any acts done by him.    The counterclaim sets forth the same transaction ; the same representations, and their falsity ; the payment by defendant, before ascertaining the falsity of the representations, of taxes, of interest on the mortgage which he assumed to pay, and on the note in suit ; but does not allege a tender of a reconveyance, and demands judgment for the various sums so paid by him, with interest.    It is strictly a

rule of pleading that each cause of action, defence, or counterclaim must be complete in itself, and that no fact alleged in one will aid another, unless realleged or incorporated by reference in the latter. When defendant began his evidence an objection was made to his introducing any evidence, on the ground that the matter stated as a defence is no defence; that it is insufficient as an answer of a former action pending, and the fraud alleged is no defence to the action on the note, without asking the affirmative relief that the contract be rescinded,—in other words, that the fraud is not matter of defence, but of counterclaim, had it been pleaded as such. We do not think the answer was intended as a plea of a former action pending, but that it was intended to show as a defence that the defendant had a right to rescind, and had rescinded, the contract upon which the note was given. It alleges the doing by defendant of all that could be required of him to constitute a rescission, if he had, as he undoubtedly had, on the allegations of the answer, a right to rescind. The objection was properly overruled.

It is claimed that the counterclaim, as alleged in the answer, is insufficient, because it does not tender back anything, or allege any previous attempt at rescission, or any disaffirmance by defendant of the contract, or any demand for rescission. The demand, in the counterclaim, of judgment for all the moneys he had paid upon or in consequence of the contract, of restoration to him of all he had parted with by reason of it, was a sufficient disaffirmance of the contract and demand for its rescission; for such a demand could be based only on a disaffirmance and rescission. When a party seeks to rescind a contract by his own act, he must give the other party notice of his rescission, and restore or offer to restore to him whatever he received from him under or by reason of the contract. In other words, he cannot repudiate its obligations and retain its benefits. When, however, he seeks the aid of a court to rescind the contract, it is not necessary that he should have previously attempted a rescission, nor that he should have made any tender to the other party, except where such tender might be necessary to put the party in default. What he ought to do, and must do, to reinstate the other party *in statu quo*, as a condition of the rescission, is

then for the court to determine.   All that is required to justify a rescission by the court is that the contract is one that a court of equity will cancel or rescind on the ground alleged, that such ground of rescission exists, and that the plaintiff has not lost his right to a rescission by affirmance, laches, or otherwise.   It was one of the rules of pleading in courts of equity, in suits where the court might impose conditions on the plaintiff, or give the defendant affirmative relief, as in suits for specific performance, cancellation of instruments, rescission of contracts, or for accounting, that the plaintiff in his bill should offer to do whatever the court might deem equitable.   This was upon the maxim that he who seeks equity must do equity.   But, although at one time a bill was demurrable if it omitted this offer, the requirement was in its nature formal.   The offer was not one of the facts constituting the cause of action, any more than was the prayer for process.   It may be doubted that the rule referred to still exists in courts where equity forms of pleading are retained.   *Colombian Govt.* v. *Rothschild,* 1 Sim. 94; *Wells* v. *Strange,* 5 Ga. 22.   These were suits for accounting.   *Jervis* v. *Berridge,* L. R. 8 Ch. App. 351, was a suit for cancellation or rescission, and the offer in the bill was held not necessary.   However it may be where equity forms of pleading are retained, it cannot be so under the Code system, which requires a complaint to contain only a statement of the facts constituting the cause of action, and the prayer for relief.   See *Coolbaugh* v. *Roemer,* 32 Minn. 445, (21 N. W. Rep. 472.)   The willingness of the party to perform those terms which the court may think it right to impose as the price of any relief is sufficiently shown by his submitting his cause to the court, which has the power to impose the proper terms.

Plaintiff did not personally make the representations complained of.   She was the owner of the land, and appears to have left it with her husband to make a sale of it, and he employed for that purpose Mr. Daniels, a real-estate agent, and the latter negotiated the sale to defendant.   The evidence justified the conclusion that plaintiff knew of the employment of Daniels.   At the time of employing him the husband made to him the representations as to the character of the land alleged in the answer, and he made them to plaintiff just as

they had been thus made to himself.    There was also evidence that during the negotiations the husband repeated the same representations to defendant.    The representations as made by the husband to the agent, by the latter to the defendant, and by the husband to the defendant, were positive in form, not as upon opinion or belief or as upon information.    The defendant had a right to suppose they were made to him as upon knowledge of the facts.    An unqualified affirmation amounts to an affirmation as of one's own knowledge.    Where one makes, as of his own knowledge, a false representation, not knowing whether it was true or false, it is a fraud as much as though he knew it to be false.    *Haven* v. *Neal*, 43 Minn. 315, (45 N. W. 612;) *Bullitt* v. *Farrar*, 42 Minn. 8, (43 N. W. Rep. 566.)

The plaintiff argues that she is not bound by the said representations, because the statute disables a married woman from giving her husband authority to act as her agent in respect to her real estate, and he cannot act as such; also that, conceding there was an agency, it could not include authority to make fraudulent representations.    The plaintiff did nothing whatever personally in the matter until, by executing the conveyance, she accepted and availed herself of the results of the negotiations of her husband and Daniels.    She knew at that time that they had agreed on the terms, assuming to act in her behalf, and that whatever inducements to buy had been held out to defendant they had held out.    From the time of adopting what they had done, the matter of prior authority in them ceased to be material.    "When one adopts the unauthorized act of another made in his behalf, and receives the benefits accruing therefrom, he is held to adopt and ratify the instrumentalities by which the fruits were obtained."    He cannot retain the benefits of the transaction, and repudiate the remainder.    If he accept and retain the contract thus made for him by another, he must take it with whatever taint attached to its origin.    *Albitz* v. *Minn. & Pacific Ry. Co.*, 40 Minn. 476, (42 N. W. Rep. 394;) *Busch* v. *Wilcox*, 82 Mich. 315, (46 N. W. Rep. 940;) *Bennett* v. *Judson*, 21 N. Y. 238; *Hathaway* v. *Johnson*, 55 N. Y. 93; *Krumm* v. *Beach*, 96 N. Y. 398.    The plaintiff not only accepted the negotiations of her husband and Daniels in her behalf, but she is now insisting upon appropriating the benefits thereof.

There is no evidence requiring a finding that, after he learned the falsity of the representations, the defendant delayed unreasonably asserting his claim of right to rescind. There is no evidence that the sale was made to defendant with reference to any particular use he intended to make of the land. It was therefore immaterial that he intended to sell it or to keep it. Had the counterclaim been to recover damage for the deceit, the value of the land would have been material, for it would have borne on the measure of damages. But, being for rescission, the value was immaterial. If, from the representations made, the defendant expected, and had a right to expect, to get high, rolling land covered with scrub oak, it is no answer to his claim of right to rescind because of the fraud that the swamp or lake he did get was of some value.

In the findings of the court and in its conclusions of law, the various items which defendant is entitled to recover, and the rate of interest and dates from which it is to be computed, are conceded to be correct, but appellant claims the aggregate stated in the conclusions of law is too large by nearly $200. This is clearly not an error in decision, but a mistake in adding up or in computing interest on the various items. The proper remedy in the first instance for that is to call the attention of the court below to it by motion.

Order affirmed.