# JAMES B. PENNINGTON v. L. D. ROBERGE.[1]

July 3, 1913.

Nos. 18,014—(111).

**Rescission of contract — false representations — findings supported by evidence.**

1. In an action for rescission *held* that the evidence supports the findings that plaintiff entered the contract to purchase a farm relying on defendant's representations as to its conditions in certain respects; that these representations were false, and that plaintiff offered to rescind within a reasonable time after discovery of the fraud.

**Motive immaterial.**

2. In such action the motive of the party making the representations is immaterial and no finding need be made thereon.

**Right to rescind.**

3. Even if there be no evidence that the misrepresentations made affected the value of the subject matter of the contract in any certain sum, still, if it can be fairly said that they relate to a quality or condition thereof, which is of well-known worth and importance, the misrepresentations may nevertheless give the right of rescission.

**Variance.**

4. The objection to the complaint and an alleged variance between it and the evidence is not well taken.

Action in the district court for Wright county to rescind a land contract and to recover $2,000 paid upon the purchase price, together with $1,000 damages. The substance of the defense is stated in the opinion. The case was tried before Waite, J., who made findings and ordered judgment in favor of plaintiff for the sum of $2,000. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*Savage & Purdy,* for appellant.

*F. H. Salmon* and *C. A. Pidgeon,* for respondent.

[1] Reported in 142 N. W. 710.

Holt, J.

Action by the purchaser of a farm to rescind the contract of purchase and to recover the money paid thereunder on the ground of defendant's misrepresentation. The relief sought was granted, and the defendant appeals from the order denying a new trial.

The plaintiff met the defendant at Hastings, Minnesota, on May 27, 1910. Plaintiff, having sold his farm in the southwestern part of the state, was then looking for a farm to buy. The defendant had just given Traub Brothers, a real estate firm in Minneapolis, the exclusive sale of his farm of 163 acres near Montrose, in Wright county. Plaintiff claims that the defendant then stated that his farm at Montrose was free from stones and foul weeds, and besides flower and ornamental shrubs and trees had a large orchard consisting of 1,600 apple trees, 1,300 of which were bearing. He also directed plaintiff to Traub Brothers' office. Plaintiff went there at once, and a member of that firm took plaintiff on the same day to Montrose, where they met the defendant at the farm. Some little time was spent that evening in viewing the premises and an hour or two next morning before breakfast. Soon thereafter all the parties left, as they were anxious to make the 9 o'clock train. The plaintiff claims that defendant, during that time, again made the same representations as to apple trees, freedom from stones and foul weeds such as Canada thistle, quack grass and wild oats; also that Mr. Traub gave him a card and typewritten statement describing the farm, buildings, soil and so on, and among other things stating that there were no stones and that there were 1,600 apple trees, 1,300 thereof bearing. The plaintiff claims that he believed these representations and in reliance thereon bought the farm and on May 28, 1910, executed the contract, and paid then $1,000 thereon and $1,000 July 1, 1910. He contends that the representations were false; that the fields contained a great number of stones; that Canada thistle, quack grass and wild oats flourished to a damaging extent, and that there were only 1,255 apple trees of which only 1,130 were bearing. Some other misrepresentations were claimed; but the evidence does not warrant any finding of fraud based thereon.

The plaintiff did not again visit the farm until in the early part

of September, when he took his wife to see it, and remained a few hours, and again on the nineteenth of September, when the defendant had an auction which plaintiff attended. He moved onto the farm on the twentieth of October and began plowing and kept on until about the middle of November. In the middle of December, he sought out the defendant and offered to surrender the place and demanded the return of the money paid on the ground of misrepresentations. The defendant, in his answer herein, denied making any misrepresentations, alleged that plaintiff fully investigated the farm before he bought and was guilty of laches in rescinding. Another defense, namely, injury to the orchard, grape vines and ornamental shrubs while in plaintiff's possession, is not urged here.

The chief attack is directed against these findings:

"4. That prior to said contract of sale, and while negotiations therefor were being conducted, defendant represented to plaintiff that there were upon said farm 1,600 apple trees, of which 1,300 were bearing; that in truth there were only then 1,255 apple trees thereon, of which only 1,130 were bearing.

"5. That said representation was false and fraudulent, and that defendant either knew that it was not true, and made it with intent to deceive plaintiff; or, not knowing whether it was true or untrue, wantonly and wrongfully stated it to be true, with the purpose and intent that the plaintiff should rely thereon, and thereby be induced to enter into said contract; that the evidence does not enable the court to determine which of said alternatives is correct.

"6. That plaintiff relied upon said representations, and was thereby in part induced to enter into said contract.

"7. That after occupying said farm (the date not being more precisely disclosed by the evidence) plaintiff discovered that said apple trees were less in number than represented as aforesaid, and within a reasonable time after making such discovery, to-wit: on or about the 21st day of December, 1910, offered to restore said farm to defendant."

As to finding 4, the court could scarcely avoid making it. Plaintiff was fortified by the written evidence of defendant's agent as

to the number of apple trees, and the defendant admitted that the orchard contained no more than 1,255.

The court was not required to find whether the false representation was made purposely to defraud or innocently. Hence no prejudice results to defendant from the failure to find upon the so-called alternative propositions specified in the fifth finding. The right of rescission "is not based upon actual fraud, but on a material mistake of facts caused by the fault of the other party" Martin v. Hill, 41 Minn. 337, 43 N. W. 337. The false representation having been made, it becomes immaterial, from a legal view, whether the defendant made it innocently or corruptly, if the plaintiff, relying thereon, was in fact misled to his injury. In either case, it works a fraud on plaintiff. His right of rescission does not depend on the motive or cause which actuated the defendant in making the misrepresentation.

The sixth and that part of the seventh finding above set forth presents the close question upon this record, namely: The effect of the misrepresentation as to the number of apple trees; plaintiff's reliance thereon; its sufficiency as a substantial ground for rescission; and the delay in discovering the fraud and demanding rescission. But in considering these findings, we must bear in mind the well established practice to refrain from disturbing a finding of the trial court unless palpably against the weight of the evidence. Treat v. Kellogg, 104 Minn. 54, 115 N. W. 947; Barnum v. Jefferson, 109 Minn. 1, 122 N. W. 453; Carver v. Bagley, 79 Minn. 114, 81 N. W. 757.

The defendant earnestly contends that the pleading and evidence of plaintiff show that misrepresentation of the number of apple trees was not and could not be a factor upon which plaintiff relied. He did not emphasize the misrepresentation in respect to apple trees in the complaint, or on the trial, and it is said that the evidence does not show that the value of the farm would have been affected, if there had been an acre or two of growing and bearing apple trees instead of plow land. That an apple orchard on a farm is a very valuable and attractive asset, is, no doubt, common knowledge. It takes several years to bring apple trees to bearing. The cost of the

trees, the planting and care are no inconsiderable items. The court was warranted in drawing the inference that plaintiff relied on the representation respecting apple trees. Even were we inclined not to draw the same inference, we have no right to usurp the function of the trial court. Northwestern Fire & M. Ins. Co. v. Connecticut Fire Ins. Co. 105 Minn. 483, 117 N. W. 825.

It is further claimed that plaintiff examined the farm before he bought. He saw the orchard; he could count the trees; the rule caveat emptor applies. It is true plaintiff saw the trees, but, when it is understood that the apple trees occupied some 9 or 10 acres, we realize that it would be quite a task to count the trees. An estimate of either acreage or trees would be apt to be very unreliable. It ought not to weigh heavily against plaintiff that he took defendant's word and the written statement of his agent for the number of apple trees. Conceding that the value of the farm was not materially affected, if some two acres of supposed growing and bearing apple trees were instead plow land, plaintiff was nevertheless entitled to the kind of farm defendant led him to believe he was buying. It does not lie with defendant, who falsely represented the existence of conditions upon which plaintiff relied, to say that two acres in field is as good as two acres of an apple orchard.

In MacLaren v. Cochran, 44 Minn. 255, 46 N. W. 408, this court said: "If a party is induced to enter into a contract by fraudulent representations as to a fact which he deems material, and upon which he has a right to rely, he may rescind the contract upon the discovery of the fraud, and the party in the wrong should not be heard to say that no real injury can result from the fact misrepresented." So in Martin v. Hill, supra, it is held that a purchaser is entitled to rescind when he does not get what he, from the seller's representations, believed he was getting, and also in such case, it is not necessary to show damages in dollars and cents, "it is only necessary to show it so material as to justify the conclusion that, had the purchasers known it, they would not have made the purchase." In Knappen v. Freeman, 47 Minn. 491, 50 N. W. 533, the syllabus is: "When one has a right to a rescission on the ground of fraud, in an action for that purpose the value of the property is immaterial."

It is true that the evidence strongly tends to show that plaintiff was in the attempted rescission actuated more by the claimed misrepresentations as to absence of stones and foul weeds in the field than by the deficiency in the apple trees.   But the trial court may have attached too little importance to the misrepresentation in respect to the former.   No findings were made thereon, evidently because the court deemed it unnecessary.   However, his memorandum indicates that, if he had made findings as to the stones, it would be against defendant.   The evidence is convincing that the stones in the field constituted a manifest detriment to the use and enjoyment of the farm.   The presence of these stones plaintiff could not well discover until he began plowing, and the extent could not fully be determined until nearly all had been plowed.   It is proper to consider the evidence in that respect as bearing upon the delay in asking for rescission.   It may well be that plaintiff did not stop to count the apple trees, till he was aroused by the discovery made during the plowing.   And because the court did not agree with plaintiff as to the importance and gravity of the misrepresentation as to stones, the representation deemed of consequence by the court should not be unduly minimized.

We are not able to say that the seventh finding is not sustained by the evidence.   Within two months after the plaintiff took possession, he asked the defendant for a rescission.   The evidence does not fix the time when he learned of the misstatement as to the apple trees.   Under the circumstances disclosed by the record, it cannot be said as a matter of law that laches barred plaintiff, and the court's finding that it did not, has support in the evidence.

Some criticism is directed against the complaint in that it is not specifically alleged to what extent the representation in respect to apple trees was false, but merely alleges generally that the representations were not true, and also in that the misrepresentations are stated to have been made at Hastings on May 27, whereas the proof showed that the written statements were delivered at Minneapolis and also that oral representations were made at the farm.   It is enough to say that no question as to the sufficiency of the complaint was raised at the trial.   The objection to written statements or oral

representations made upon dates other than the ones alleged and at places other than at Hastings is without merit. There is no material variance. The date and place is not technically important. It is not suggested that the defendant was in any manner misled.

Undoubtedly the correctness of the trial court's conclusion would have been less open to attack had findings been made upon all the issues presented. But giving to a trial court's findings of fact that weight which obtains under the settled practice in this state, we are compelled to say that they are sustained by the evidence and warrant the conclusion of law.

Order affirmed.