### LESLIE A. FAWKES v. MILAND A. KNAPP.[1]

November 30, 1917.

No. 20,530.

**Contract — rescission for fraud — pleading damage.**

1. To entitle a party to a contract to rescind the same for fraud and
recover back what he paid, it is not necessary that he plead or prove
that he was damaged in any particular amount or suffered any real
injury.

[1] Reported in 165 N. W. 236.

**Corporation — purchase of stock — fraudulent representations — verdict sustained.**

> 2. The evidence sustains the verdict of the jury finding that the fraudulent representations were made; that they were material; that the plaintiff relied thereon and was induced thereby to enter into the contract, and that he rescinded promptly on learning of the fraud.

**Same — action to recover price paid — tender and demand.**

> 3. The tender and demand made were sufficient under the circumstances to entitle plaintiff to maintain the action.

Action in the district court for Hennepin county to recover $4,500. The facts are stated in the opinion. The case was tried before Leary, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $5,975.25. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Rieke & Hamrum,* for appellant.

*Charles G. Laybourn,* for respondent.

BUNN, J.

In October, 1911, defendant was president, treasurer and manager of Knapp Brothers Starter & Equipment Company, a Minnesota corporation. October 9, 1911, plaintiff purchased through defendant 100 shares of the capital stock of the corporation. In July, 1916, plaintiff claims that he first discovered that defendant sold him his own stock in the corporation instead of treasury stock. Plaintiff thereupon tendered back to defendant the stock so purchased and demanded the return of the price paid, with interest at 6 per cent from October 9, 1911. Defendant refused the stock and the demand, and plaintiff brought this action to recover the amount paid for the stock with interest, on the theory that he had been induced to purchase by the fraudulent representations of defendant, and that he had rescinded the transaction on discovery of the fraud. The case was tried to a jury, and plaintiff had a verdict in the full amount of his claim. Defendant appeals from an order denying his motion for judgment notwithstanding the verdict or for a new trial.

Defendant's first point is that plaintiff neither pleaded nor proved

138 M—25

a cause of action because he neither alleged nor proved that he was damaged, suffered any real injury by the fraud. But this was not an action to recover damages for deceit. It was simply to recover what plaintiff had parted with, after he had rescinded the contract by his own act. If the representations were made and were material, if without them plaintiff would not have bought the stock, it is not necessary to his right to rescind and to recover back what he parted with that he be damaged in any particular amount, or suffer any real injury. It is sufficient that the representations were material, and that he was thereby induced to part with his money. Martin v. Hill, 41 Minn. 337, 43 N. W. 337; MacLaren v. Cockran, 44 Minn. 255, 46 N. W. 408; Pennington v. Roberge, 122 Minn. 295, 142 N. W. 710; Ludowese v. Amidon, 124 Minn. 288, 144 N. W. 965.

Plaintiff's version of the transaction was this: He was an automobile dealer in Minneapolis and knew defendant well and favorably. The corporation was organized to manufacture and sell a certain electric starter for automobiles. Defendant on numerous occasions solicited plaintiff to buy stock in the corporation. Plaintiff visited the factory of the corporation and investigated the device. Defendant told him that the corporation was going to sell $15,000 or $20,000 worth of capital stock in order to raise money to pay for machinery, already on hand and yet to be delivered, and get started in business. He urged plaintiff to take as much stock as he could. Plaintiff remarked to him that it was unusual to be asked to pay par for stock in a new corporation, but defendant said they were not selling any stock at less than par because that would be illegal, that he could not give him a discount on the stock, but would allow him the amount of defendant's commission.

Plaintiff purchased the stock, giving defendant his check for $5,000. Defendant gave plaintiff his check for $400. Plaintiff's check was made payable to defendant; this was at defendant's request, as plaintiff claims, made on hearing plaintiff direct his bookkeeper to make the check payable to the corporation. Plaintiff testified that defendant said nothing whatever about selling his own stock. This version of the transaction is corroborated by plaintiff's bookkeeper.

Defendant claimed that he gave plaintiff the option to buy treasury stock at par, or defendant's stock at a discount of $400; and that plain-

tiff elected to buy defendant's stock. It is admitted that the stock sold to plaintiff was in fact stock belonging to defendant, and that the proceeds of the sale never went into the treasury of the corporation.

It is well settled that it was not necessary for plaintiff, in order to have the right to rescind, to prove a fraudulent intent on the part of defendant. If plaintiff, through fraudulent representations or concealment, or through mistake, was induced to buy something materially different from what he intended to buy and believed he was buying, he could rescind on discovering the fraud or mistake. Drake v. Fairmont Drain T. & B. Co. 129 Minn. 145, 151 N. W. 914; Martin v. Hill, supra; Pennington v. Roberge, supra.

We are obliged to hold that the jury was justified in taking as true plaintiff's version of the transaction, rather than defendant's, and in finding that plaintiff was induced by defendant to believe and did believe that he was buying treasury stock, and that his money would go to help the corporation pay for its machinery and get started in business. The jury might well have found the other way, but they did not, and the trial court approved the verdict. It is clearly impossible to say that the evidence is so manifestly and palpably against the decision of the jury that the verdict should be set aside by this court.

We further hold that the jury was justified in finding that whether plaintiff got treasury stock for his money, or stock owned by the defendant, was a matter of material importance to him, and justified in giving credence to his statement that he would not have purchased had he known he was buying defendant's stock. With a corporation just starting to manufacture an article, known to be in need of funds to pay for machinery, it might well be a material matter to the stock purchaser whether his money is going to help the corporation, or going into the pockets of one of its officers. We cannot disturb the finding of the jury that the representations were material, and that plaintiff relied upon them.

It seems rather strange that plaintiff, who served on the board of directors of the corporation, and appears to have been much interested in its affairs, should not have discovered for a period of five years that his money did not go into the treasury of the corporation. But plaintiff testified positively that he did not discover this fact until in July,

1916, after the company had gone into the hands of a receiver, and an investigation of its books by plaintiff's counsel disclosed no record of the payment of the $5,000. The question whether plaintiff acted promptly after his discovery of the fraud was one for the jury, and there is no ground for holding its decision not justified by the evidence.

Defendant makes a point in regard to plaintiff's tender and demand. The claim is that, when plaintiff tendered back the stock to defendant, the certificates, which were in the name of plaintiff's wife, had not been assigned by her. But the evidence is quite conclusive that defendant had no idea of accepting a return of the stock or paying back the money. He refused, but not on any ground going to the insufficiency of the tender or demand. Under the circumstances there is nothing to the claim. I. L. Corse & Co. v. Minnesota Grain Co. 94 Minn. 331, 102 N. W. 728. This case is also authority for the recovery by plaintiff of interest on the money since the date he parted with it.

In conclusion, we find no ground upon which we can disturb the verdict approved as it has been by the trial court. The questions were all for the jury, and there was ample evidence to sustain the conclusions of that body, if they chose to believe plaintiff and his witnesses rather than defendant and his. The verdict may not be a just one, but it was for the trial court and not for this court, to correct any injustice. It evidently considered that there was none, and we certainly are unable to say that there was any abuse of discretion in denying a new trial.

Order affirmed.