Argued February 27, affirmed March 18, 1924.

# L. B. BROOKE *v.* PERFECTION TIRE COMPANY.

### (223 Pac. 939.)

**Pleading—Complaint, Failing to Allege Written Contract of Sale, Aided by Answer.**

1. A complaint for rescission of a conditional sales contract, failing to allege a written contract, was aided by the answer making such allegation, in the absence of demurrer.

**Appeal and Error—Trial of Case in Equity Precluded Objection That Equitable Cause of Action not Stated.**

2. Where both parties joined issue and tried a suit to rescind a contract of sale in equity, objection that the complaint did not state an equitable cause of action was ineffective on appeal.

**Sales—Failure to Allege Damage from Misrepresentations not Fatal to Rescission Suit in Equity.**

3. Failure to allege damages from misrepresentations is not fatal to a suit for rescission, though fatal to an action at law for damages, since in equity plaintiff is entitled to the identical thing contracted for.

**Sales—Rescission Month After Making Contract, but Immediately After Learning of Misrepresentation, Reasonable Promptitude.**

4. One buying an automobile on April 20th as a 1921 model, and first discovering some time in May that it was a 1920 model, in immediately returning it rescinded with reasonable promptitude.

From Multnomah: GEORGE TAZWELL, Judge.

Department 2.

This is a suit to rescind a conditional sale contract for the purchase of an automobile, and to recover the sum of $400 which the plaintiff alleges he was defrauded into paying upon the contract.

It is alleged that on the twentieth day of April, 1921, the defendant, by its agent, Randle, sold to plaintiff a Grant Six automobile, 1921 model, and that for the purpose of willfully overreaching and defrauding the plaintiff the agent falsely and fraudulently represented to plaintiff that the automobile which was the subject

See 3 C. J., p. 724; 31 Cyc. 714; 35 Cyc. 152, 157.

of the purchase was a 1921 model and was the best automobile he had in the house, and was in first-class condition. There are the usual allegations in regard to the knowledge of the agent as to the falsity of his representations; the particular false representations being that the automobile was not a 1921 model, but a 1920 model, and that it was not the best automobile in the house, and was not in first-class condition. It is alleged that the frame had been bent and that the car had been abused by being driven without water or oil. It is further alleged that the plaintiff had had no experience with automobiles and was going to work for defendant as a salesman and was not familiar with the models of Grant Six automobiles or the condition of said car, and was unable to ascertain the truth or falsity of said representations, and relied wholly upon the representations of the defendant, believing them to be true, and thereupon paid defendant, upon said contract, the sum of $400. It is then alleged that thereafter plaintiff discovered the falsity of the agent's representations and thereupon, about the fourth day of June, 1921, tendered the automobile to the defendant and demanded the return of his money; that defendant took the automobile but neglected to repay the said sum of $400. There was a prayer that the contract be rescinded, and for a decree that the defendant pay back to plaintiff the sum of $400, and for such further equitable relief as should seem just.

Defendant answered, denying the alleged frauds, and denied all of the complaint, except the fact that it entered into a conditional sales contract with plaintiff and that plaintiff had paid $400 thereon. It was further alleged, as a separate answer and defense, that on about the twentieth day of April, 1921, the plain-

tiff entered into a contract with defendant whereby he was to act as salesman for defendant in the sale of defendant's automobiles and that defendant was to pay him therefor a commission upon all sales by him, and plaintiff was also to purchase from defendant a Grant Six automobile, to be used as a demonstrating car; it being understood and agreed between plaintiff and defendant that the plaintiff was to choose any car in the salesroom of defendant, and plaintiff was to be allowed the agent's commission to apply upon said purchase price. Defendant then alleges that plaintiff selected the car described in the complaint, upon which he paid $150 cash down, and thereupon signed a conditional sales contract; that through a mistake the car was described in the conditional sales contract as a "Grant Six car, model 1921, motor number 1549, serial number 53834," while in fact the Grant Six automobile was not then known and is not now known under the name of a yearly model, although said car was made for the 1921 trade and was of the very latest model the defendant had at that time received from the factory manufacturing the same. That thereafter and about the twenty-eighth day of April, 1921, defendant entered into a new contract with plaintiff, wherein it was provided that the plaintiff was to receive from defendant a salary of $80 per month in addition to a commission upon all sales made by him of defendant's automobiles; the contract providing specifically that plaintiff was to continue his payments upon his demonstrating car. That after entering upon the new agreement plaintiff paid defendant the sum of $250, to be applied upon the contract for the purchase of the car. That when plaintiff entered into this new contract and paid the sum of $250 the plaintiff knew that the defendant had received a ship-

ment of new cars from the factory, which cars had some slight changes in style and equipment, and plaintiff well knew that the car he had purchased was one that had been manufactured in the year 1920, and that the later style car was then in the warehouse of defendant, and plaintiff, with full knowledge of all facts relating to said car, ratified his contract for the purchase of the same. That plaintiff made no demand upon defendant for the rescission of his contract until the twenty-fourth day of May, 1921. That he continued to use said car and exercised ownership over the same long after he had been advised of the error in describing the car in the contract; and that he entered into the new contract on April 28, 1921, with full knowledge of all the facts.

There was a reply, contradicting substantially the new matter, and the case went to trial, resulting in findings and decree for plaintiff, directing the conditional sales contract to be rescinded, set aside and held for naught, and further decreeing that the plaintiff have and recover from defendant the sum of $400 and his costs and disbursements. From this decree defendant appeals.                AFFIRMED.

For appellant there was a brief over the name of *Messrs. Manning & Harvey,* with an oral argument by *Mr. John Manning.*

For respondent there was a brief and oral arguments by *Mr. Roscoe P. Hurst* and *Mr. Will H. Masters.*

McBRIDE, C. J.—1, 2. It is earnestly contended that, because there is no allegation of damage and no specific proof of damage in this case, it is not a case for the equity side of the court. There was no de-

murrer to the complaint, which is not so full perhaps as it should have been.  In fact, it is not even stated that the conditional sales contract was in writing, but this is expressly aided by the statement in the answer that the contract was in writing.  The objection that this case should have been brought on the law side of the court will not be considered where both parties have joined issue on the equity side and tried their case out there.

3. It is earnestly urged that, as the complaint does not express the alleged damage by reason of the difference in the model, plaintiff has not stated a cause of action, and this would be true if he had resorted to the law side of the court, but, as observed by Mr. Justice BURNETT in *McGowan* v. *Willamette Valley Irr. Land Co.,* 79 Or. 454, 456 (155 Pac. 705, 706):

"This being a suit to rescind on the ground that the plaintiffs did not obtain that for which they contracted, the relative values of the two kinds of orchards are of no moment.  If the plaintiffs had chosen to bring an action for damages instead of rescinding the agreement, and it could have been shown that an orchard of Spitzenbergs was worth as much or more than one of Rome Beauties, the defendant would necessarily prevail.  It is a platitude of law to say that when a person contracts to purchase a certain thing, he is entitled to that specified article.  In a suit to rescind, therefore, it does not lie in the mouth of the defendant to say to the plaintiff: 'True enough, you did not obtain that for which you sought, yet we have given you something just as good and you have no right to rescind.' *Pennington* v. *Roberge,* 122 Minn. 295 (142 N. W. 710); *Mather* v. *Barnes* (C. C.), 146 Fed. 1000."

In this case it may be entirely possible, though not probable, that a Grant car of 1920 model is just as good, or better, than a 1921 model; but plaintiff was entitled to have that which he contracted for, whether

as a matter of utility or as a matter of mere taste. He is entitled to indulge his taste, or even his whim, if he is willing to pay for it, and we think the weight of testimony, including the written agreement, supports plaintiff's contention that the representation was actually made to him and that he acted upon it, as, under the circumstances, he had a right to do.

It is also claimed that plaintiff waived these representations, if such were made, by entering into an additional contract about a week later, with full knowledge of the mistake or misrepresentation in regard to the model of the car. We do not think that this is borne out by a preponderance of the testimony.

4. It is also contended that plaintiff failed to act promptly in offering to rescind the contract and in tendering back the car. The evidence indicates that the car was taken by him on the twentieth day of April, 1921, and that he did not discover the alleged misrepresentations, so as to be absolutely certain, until some time in May, when he was informed by the manufacturers that the car was a 1920 model, whereupon he immediately returned it and demanded his money. We think that he acted with reasonable promptitude.

Other misrepresentations are alleged and testified to by the plaintiff and in regard to these the testimony is somewhat contradictory and we are inclined to give weight to the findings of the circuit judge, who had the witnesses before him and was better capable than this court to appraise the value of their testimony.

The decree of the lower court is affirmed.

AFFIRMED.

BEAN, BROWN and McCOURT, JJ., concur.