# DANIEL J. LABAR v. JOHN W. LINDSTROM AND OTHERS.[1]

March 21, 1924.

No. 23,890.

**Vendee not entitled to rescind contract for purchase.**
1. Plaintiff contracted to purchase a house and lot for $17,000. The material and workmanship in the building were represented to be first class. About two years later a defect was discovered which could be remedied at an expense of $275. *Held* that plaintiff was not entitled to rescind, but to an allowance for the expense of repairing the defect.

**Alleged defects immaterial on appeal from findings.**
2. As the appeal was submitted on the findings, alleged defects not found to exist cannot be considered.

Action in the district court for Hennepin county to rescind a contract. The case was tried before Waite, J., who made findings and ordered that the action be dismissed. From an order denying his motion for amended findings and conclusions, or for a new trial, plaintiff appealed. Affirmed.

*Brady, Robertson & Bonner*, for appellant.
*Harold W. Cox* and *G. A. Will*, for respondent.

TAYLOR, C.

This is an action by the vendee to rescind a contract for the purchase of a parcel of land in the city of Minneapolis for false representations concerning the property, and the sole question presented is whether the findings of fact justify the conclusion of law that plaintiff is not entitled to rescind.

The court found that defendants represented "that the dwelling house upon said premises was first class throughout in materials and workmanship"; that plaintiff relied thereon in part in making the purchase; that by reason of defective material and workmanship portions of the roof are of insufficient strength so that it has sagged and leaked; that plaintiff has expended $75 in repairing it;

[1] Reported in 197 N. W. 756.

that an additional expenditure of $200 will place the premises in the condition in which they were represented to be by defendants; and that the representations of defendants were made in the reasonable belief that they were true and not with intent to deceive or defraud.

The purchase price for the property was $17,000. A total expenditure of $275 will place it in the condition in which plaintiff believed it to be when he purchased it and give him exactly what he expected to obtain. If he had contracted with defendants to erect the building and they had constructed it in the manner in which this building was constructed, it would unquestionably be held that they had substantially performed their contract and that he could not defeat a recovery of the contract price by showing defects no more serious than those shown here. In such a case his remedy would be a deduction from the contract price of the amount required to cure the defects. We think a similar rule should be applied in this case. The material and workmanship in the building were represented to be first class. About two years after plaintiff took possession of the property a defect developed, or was discovered, but of a nature which could be easily and fully remedied at a comparatively small expense. We think the variance from the representations not of sufficient materiality to justify a court of equity in rescinding the contract. Straabe v. Jackson, 134 Minn. 179, 158 N. W. 915; Michaud v. Eisenmenger, 46 Minn. 405, 49 N. W. 202. Plaintiff can be fully compensated in damages for correcting the fault in the roof and when this is done he will have all that he bargained for and in the condition in which it was represented to be.

Where the misrepresentations are such that a reduction in price or an allowance for damages will not give the purchaser substantially what he bargained for, he undoubtedly has the right to rescind, even if the representations were made in the belief that they were true. Lindquist v. Gibbs, 122 Minn. 205, 142 N. W. 156; Pennington v. Roberge, 122 Minn. 295, 142 N. W. 710; Drake v. Fairmont D. T. & B. Co. 129 Minn. 145, 151 N. W. 914; Ludowese v. Amidon, 124 Minn. 288, 144 N. W. 965. But we think that the facts of this case do not bring it within that rule.

The court found that all the material allegations in the complaint except those specified in the findings were untrue. Plaintiff had alleged other defects in addition to those in the roof, and insists that the existence of these other defects is not negatived by the finding that the material allegations in respect to them are not true. Plaintiff made a motion for amended findings in which he asked the court to find that these other defects existed and the court refused to so find. This sufficiently cured any uncertainty in the original finding if that were necessary. But, as plaintiff submitted his appeal solely on the findings, only those defects actually found to exist can be considered. The action taken by the court in respect to other alleged defects is immaterial so long as it did not amount to a finding that they existed.

Although this is not an action for damages and the amount to which plaintiff is entitled as compensation for the defect is not involved, defendants offer to submit that question to the court and to credit plaintiff on the contract with whatever sum the court shall find him entitled to on account of the defect. When the case is remanded, plaintiff may, if he so elects, apply to the trial court to have this amount determined and deducted from the contract price.

The order denying a new trial is affirmed.