MARTIN F. KIRBY AND ANOTHER v. JAMES E. DEAN AND OTHERS.[1]

May 29, 1924.

No. 24,006.

**Right to rescind not conditional upon fraud.**

1. One who seeks to rescind or one who has rescinded a contract, because of the fraud of the other party thereto, is not required to prove that he was damaged in order to sustain his right to a rescission. It is enough that he did not get in substance what he was promised.

**Applied to contract for life insurance.**

2. The rule applied to a contract for life insurance, where the surrender values of the policies were not as it was represented they would be. It is immaterial that the policies issued may have been fully as desirable and inherently as valuable as those applied for.

Action in the district court for Ramsey county in recover $805.60 on a promissory note. The case was tried before Boerner, J., and a jury which returned a verdict for $869.62. From an order denying their motion for a new trial, defendants appealed. Reversed.

*Kerr & Richardson,* for appellants.

*Mark H. Gehan,* for respondents.

STONE, J.

Action on a promissory note evidencing the promise of defendants to pay plaintiffs the first premium on three policies of life insurance issued, one to each of them, through the instrumentality of plain-

[1]Reported in 199 N. W. 174.

tiffs as agents for the insurer. Defense, that the policies were fraudulently misrepresented and that, in consequence, defendants rescinded their agreement to accept the same and promptly returned them to the insurer. After a verdict for plaintiffs, defendants moved for a new trial. It is from the denial of their motion that this appeal is taken.

The alleged misrepresentation was to the effect that, at the end of 15 years, each of the policies would have a cash surrender value of $10,000, or a total of $30,000 for the three. The making of such a representation is denied by plaintiffs, but whether it was made or not was a jury question.

It is conceded that, if the policies as issued had continued in force that long, there would have been at the end of 15 years a cash surrender value of something under $5,000 for each of them, or not quite $15,000 for the three. Within a short time after they received the policies, and upon discovering the facts as to their surrender values, defendants returned them to the issuing company and repudiated their obligation to pay any premiums, the first premium being evidenced by the note in suit. In other words, there was an unequivocal attempt by defendants to rescind their contract to take the policies, because of the alleged fraud inducing them to contract.

The issue of fraud was submitted to the jury by a charge beyond criticism, and not now subjected to any, except that it told the jury that, in order to return a verdict for defendants, they would have to find not only that the alleged misrepresentations were in fact made by plaintiffs; that they were false and fraudulent when made; that defendants under the circumstances had a right to rely and did rely upon them and were induced to accept the policies and execute the note; but also that they, defendants, *had been damaged.*

In other words, under the charge as given, the jury was not at liberty to hold for defendants unless they found all of the elements of the fraud charged, and *in addition* that defendants had been damaged by that fraud. That element of the charge is the only

error assigned on the appeal. We consider the position of appellants well taken and therefore are constrained to a reversal.

One induced by the fraud of another to contract with him has the option of affirming the contract notwithstanding, or rescinding it because of, the fraud. If he affirms, his one remedy is to sue for the damages suffered from the deceit, or if sued on the contract, to set up his damages in defense. I. L. Corse & Co. v. Minnesota Grain Co. 94 Minn. 331, 102 N. W. 728; Neibuhr v. Gage, 99 Minn. 149 (154), 108 N. W. 884, 109 N. W. 1. It is only in the case of affirmance of such a contract that the law makes any inquiry concerning the damages suffered by the defrauded party. Wilson v. New U. S. Cattle Ranch Co. 73 Fed. 994, 20 C. C. A. 241. It will not allow them even then, if the fraud is discovered by its victim while the contract is still wholly executory and, notwithstanding, he then affirms the contract. Humphrey v. Sievers, 137 Minn. 373 (376), 163 N. W. 737. "Where one has a right to rescission * * * on the ground of fraud * * * the value of the property is immaterial." Knappen v. Freeman, 47 Minn. 491, 50 N. W. 533. In such a case, "the party in the wrong should not be heard to say that no real injury can result from the fact misrepresented." MacLaren v. Cochran, 44 Minn. 255 (258), 46 N. W. 408, 409. To the same effect are Pennington v. Roberge, 122 Minn. 295, 142 N. W. 710; Ludowese v. Amidon, 124 Minn. 288, 144 N. W. 965; Fawkes v. Knapp, 138 Minn. 384, 165 N. W. 236, and other cases too numerous for citation. The rule they apply is elementary.

If, instead of affirming, the defrauded contractor rescinds, either by suit or his own act, he is not entitled to damages because there are none. The theory is that he is not damaged at all by the other party's wrong because he escaped that wrong by rescinding and thereby avoiding the contract, and recovering, not damages, but simply that with which he parted by reason of the contract. The status quo ante is restored. Consequently, no one is damaged.

So it comes that, in a case of rescission, there are no damages to talk about. Whether the fraud damages its intended victim by giving him a less value than he bargained for is immaterial. The law is not concerned with that question. The only inquiry

is whether the party rescinding or seeking to rescind a contract induced by fraud is not getting or will not get, in substance at least, what he contracted for, and was by the fraudulent misrepresentation induced to believe he would get. If he cannot get that, it is enough. His right to rescind is complete.

He may rescind even though the proffered substitute for the thing or performance promised by the misrepresentations is of greater value than the thing or performance so promised. It is not a question of adequate value, but one of substantial compliance, and, although there be adequate value, there is a clear right of rescission where there is a material lack of compliance otherwise with the standards fixed by the misrepresentations complained of.

So here, on defendants' evidence, they had a clear right of rescission, even though the policies tendered had been altogether more desirable than those for which they applied. They rescinded by their own act when they returned the policies and repudiated the whole transaction. If their story of plaintiff's alleged misrepresentations is true, their defense is complete, even though they were not damaged at all. It was error, inadvertent but prejudicial, to charge otherwise and thereby to condition the success of the defense on the presence of damage, a wholly unnecessary element.

Order reversed.