## FRED SAUPE, JR. v. ST. PAUL TRUST COMPANY.
## L. J. SEUFERT v. ST. PAUL TRUST COMPANY.[1]

March 4, 1927.

Nos. 25,702, 25,701.

**Defendant's representations in sale of bonds found to be true.**

1. The evidence supports a finding that certain representations made by the defendant to induce the plaintiffs to purchase bonds secured by a mortgage on certain land were substantially true and correct.

**When seller is not guilty of fraud in statement.**

2. The representations were in a written statement containing these words: "The foregoing statements, which we believe to be correct, are taken from several reliable sources. We do not guarantee this information but it is the basis on which we ourselves acted in the purchase of this security." A person making representations thus qualified is not guilty of fraud although they proved to be untrue, provided he honestly believed that they were true.

**Rescission not dependent on intent to deceive.**

3. In a suit for rescission for the misrepresentations of the vendor, it is not necessary that an intent to deceive existed. The right to rescind exists whenever the vendee did not get substantially what he had a right to believe and did believe he was purchasing.

**Whether purchaser suffered damage is immaterial.**

4. In a suit for rescission, based on alleged misrepresentations, it is immaterial whether the plaintiff sustained damages. The only inquiry is whether he got in substance at least what he was induced to believe he was getting.

Bonds, 9 C. J. p. 61 n. 73, 75 New.
Fraud, 26 C. J. p. 1117 n. 84; p. 1119 n. 92, 94; p. 1130 n. 91.

See notes in 12 R. C. L. 343; 2 R. C. L. Supp. 1419; 4 R. C. L. Supp. 755; 5 R. C. L. Supp. 642.

[1]Reported in 212 N. W. 892.

Plaintiffs appealed from orders of the district court for Ramsey county, McNally, J., denying their motions for new trials. Affirmed.

*Arthur E. Arntson*, for appellants.

*Edward P. Sanborn*, for respondent.

LEES, C.

The plaintiff in each of these cases purchased two bonds from the Van Sant Trust Company, now the St. Paul Trust Company. The bonds were part of an issue of $30,000 and were secured by a trust deed covering 5,425 acres of land in Jackson county, Wisconsin, of which 3,800 acres were high and 1,600 acres low land. The actions were brought for the rescission of the purchase on the ground of misrepresentations concerning the land. The trial court found in defendant's favor and plaintiffs appealed from orders denying their motions for new trials.

The representations were made in writing in what is designated as a security statement, and were in effect that the soil was fertile, well adapted to the growth of grain and fodder, and that all of the land was suitable for cultivation. The court found that the representations were substantially true and correct and more specifically that practically all of the land could be cultivated; that the soil of the high land was a sandy loam and that of the low land muck and sand with a clay subsoil; that the land was productive when cleared, drained, properly cultivated and the crops rotated; that the persons who executed the bonds purchased the land in 1917, occupied it for four years, and in 1918, 1919 and 1920 raised crops of corn, rye, buckwheat, soy beans, potatoes and other vegetables; that they built a silo with a capacity of 144 tons and filled it with corn produced on the land; and that land in the vicinity having the same kind of soil has produced small grain, corn, alfalfa, clover and vegetables successfully for many years. These findings of evidentiary facts justify the ultimate finding that the defendant's representations were substantially true.

Considering the evidence as a whole, it cannot be said that it does not support the vital finding, although there was persuasive evidence to the contrary.

Much is made of the fact that the secretary of the trust company, who inspected the land, made a report in writing stating among other things that the high land is principally brush, quite sandy and a great deal of it undeveloped; that grass cannot be cut from the low land until it is ditched; that ditching costs $5 to $10 a rod; that it takes two or three years to put the low land on a producing basis; and that the high land is better adapted to grazing than anything else. He also reported that the owners of the land requested that two loans of $23,000 each be made, one secured by a mortgage on the low land and the other by a mortgage on the high land. In reference to this, he said:

"These two tracts are about equal value, but if we make the loan at all, I would prefer the loan on the marsh land, as I haven't a great deal of faith in the high land, but believe that if we made both of them together that the good features of one would offset the bad features of the other."

None of these unfavorable facts were mentioned in the security statement exhibited to plaintiffs to induce them to purchase the bonds. It is forcibly urged that, if the unfavorable as well as the favorable portions of the report had been set forth, plaintiffs would not have made the purchase, and that by not disclosing the unfavorable portions it became possible to deceive them. Defendant replies by calling attention to the final paragraph of the security statement, which reads thus:

"The foregoing statements, which we believe to be correct, are taken from several reliable sources. We do not guarantee this information but it is the basis on which we ourselves acted in the purchase of this security."

If the security statement had been based wholly on the report, it would be difficult to sustain the findings, but defendant's vice-president and trust officer testified that he had personal knowledge of the general character of the land, derived from his inspection of similar lands in the years 1916 and 1917 and from conversations with farmers in Jackson county, and that the security statement was based in part on information thus acquired.

In view of this testimony, it cannot be held as a matter of law that the representations must have been made with knowledge that they were not true merely because they do not correspond with the examiner's report.

As a general rule, one who qualifies his representations by the use of language indicating that they are based on information and belief and honestly believes the representations to be true, is not guilty of actionable fraud, although in fact they proved to be untrue. Merriam v. Pine City Lbr. Co. 23 Minn. 314; Humphrey v. Merriam, 32 Minn. 197, 20 N. W. 138; 26 C. J. p. 1130. The rule is stated substantially as follows in Bullitt v. Farrar, 42 Minn. 8, 43 N. W. 566, 6 L. R. A. 149, 18 Am. St. 485, quoted with approval in Schlechter v. Felton, 134 Minn. 143, 158 N. W. 813, L. R. A. 1917A, 556. While intent to deceive is an essential element of fraud, the charge of fraudulent intent in an action for deceit may be maintained by proof of a false statement, made as of the party's own knowledge, if the thing stated is not merely a matter of opinion, estimate, or judgment, but is susceptible of actual knowledge. In such a case it is not necessary to make proof of an actual intent to deceive. See also Helvetia Copper Co. v. Hart-Parr Co. 137 Minn. 321, 324, 163 N. W. 665.

The rule is applicable here although suits in equity to rescind stand on a different footing. When it appears in such a suit that the purchaser did not get substantially what he had a right to believe and did believe he was purchasing, he may have a rescission, if he is guilty of no laches and was induced to make the purchase by the seller's false representations as to material facts, for it is not essential to the existence of the right to rescind that the false representations were made with actual intent to deceive. Martin v. Hill, 41 Minn. 337, 43 N. W. 337; Pennington v. Roberge, 122 Minn. 295, 142 N. W. 710; Drake v. Fairmont D. T. & B. Co. 129 Minn. 145, 151 N. W. 914; Fawkes v. Knapp, 138 Minn. 384, 165 N. W. 236; Labar v. Lindstrom, 158 Minn. 453, 197 N. W. 756; Kirby v. Dean, 159 Minn. 451, 199 N. W. 174.

Something is said about evidence received to show the market value of the land when the bonds were issued. It is not necessary

to consider whether the land was worth more or less than the amount at which it was appraised, or whether the bonds were adequately secured. In a suit for rescission, the only inquiry is whether the plaintiff got in substance at least what he was induced to believe he was getting. Knappen v. Freeman, 47 Minn. 491, 50 N. W. 533; Kirby v. Dean, supra.

The finding that the representations were true and correct disposes of the case and the orders appealed from are affirmed.