ELIZABETH H. MAGNUSON AND ANOTHER v. DAMON I. BOUCK AND OTHERS.[1]

August 23, 1929.

No. 27,327.

[1]Reported in 226 N. W. 702.

*Donohue, Quigley & Donohue* and *E. L. McMillan,* for appellants.
*Henry H. Sullivan, S. H. Eckman* and *W. C. Doane,* for respondents.

DIBELL, J.

This is an action to recover the purchase price remaining unpaid upon the sale of land in Aitkin county. There was a trial before Gunderson, J. and a verdict of $23,414.46 for the plaintiffs. The defendants appeal from an order, Carroll A. Nye, J. who reviewed the case after the death of Judge Gunderson, denying their motion for a new trial. The case was here before and was decided upon a point not going to the merits of the controversy. 168 Minn. 39, 209 N. W. 896.

In February, 1921, one Charles M. Magnuson, of whom the plaintiff Elizabeth H. Magnuson is the representative, together with the other plaintiff, entered into a contract with the defendants whereby they sold and the defendants bought 2,629 acres of land in Aitkin county for the sum of $39,441.45. The defendants paid $5,000 at the time and later paid $1,000. The defense of the defendants was rescission on the ground of fraud, and they asked that they recover the amount which they had paid.

The defendants claim that the plaintiffs, through their agent, falsely and fraudulently represented that the lands were free from stone; that they were free from stumps; that they were free of swamps; that the soil was good; that the land was good agricultural land; that it was easily cleared and could be plowed by tractor; that it could be sold for $30 to $35 an acre; and that there was timber enough on some of the 40s to pay the purchase price and erect farm buildings.

The question of fraud was left to the jury, and the sufficiency of the evidence to sustain the verdict is not questioned. The defendants' appeal is directed to the charge of Judge Gunderson.

In referring to fraudulent misrepresentations the court throughout the charge referred to representations upon which the defendants acted "to their damage." In one place the instruction was that the "burden of proof is upon the defendants to show to you that they have been damaged if any false and fraudulent representations were made." Again the court referred to their right of rescission "if they had been defrauded and they had been damaged." Again the court put the question to the jury whether the defendants relied upon the false representations and were "damaged by reason of these false and fraudulent representations." The reference to damages was made some 16 times.

A party to whom a fraudulent representation has been made and upon which he relies may rescind if that which he gets is not substantially that for which he contracts. It is not necessary that he be damaged. It is necessary that the misrepresentation be material. If by fraud of the other party he is given something substantially

different from that which he was to have he may rescind regardless of the damage. Nelson v. Carlson, 54 Minn. 90, 55 N. W. 821; Ludowese v. Amidon, 124 Minn. 288, 144 N. W. 965; Pennington v. Roberge, 122 Minn. 295, 142 N. W. 710; Fawkes v. Knapp, 138 Minn. 384, 165 N. W. 236; Kirby v. Dean, 159 Minn. 451, 199 N. W. 174; Saupe v. St. Paul Tr. Co. 170 Minn. 366, 212 N. W. 892. Fraud without damage gives no cause of action for damages; but fraud without damage justifies a rescission if one does not get substantially what he was to get. 2 & 3 Dunnell, Minn. Dig. (2 ed.) §§ 1810, 3828.

■ The defendants in their answer and amended answer alleged that they would suffer damage if a rescission were not allowed. They asked damages in the sum of $39,441.49. The question of money damage was an issue, though a false one, to the extent that the defendants offered evidence of money damage and the plaintiffs rebutted it. The case was finally submitted upon the theory of a rescission, and the reference in the charge to damages, if considered an essential element of the right to rescind, was erroneous.

At the conclusion of the trial the court asked counsel whether there was "any other point." Counsel for defendants questioned the charge on the matter of ratification. The court charged the jury to the extent of a page and a half upon this point to the apparent satisfaction of counsel. It then inquired whether there was "anything further." Counsel then referred to the effect of fraud which it was claimed the defendants discovered in September, 1923, after the commencement of the action, and the court instructed thereon. It then inquired of counsel whether there was "anything else that you have to say?" There was no response.

The statute, G. S. 1923 (2 Mason, 1927) § 9327, permits counsel to specify error in the charge in his motion for a new trial, though no exception was taken at the trial, and avail himself of the error specified. The first case construing the statute is Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, where it was held that an exception need not be taken at the time to an instruction on a controlling proposition of law but must be taken if there was an inadvertent

242

mistake or inadequate treatment. And see Esterly-Hoppin Co. v. Burns, 135 Minn. 1, 159 N. W. 1069; Kincaid v. Jungkunz, 109 Minn. 400, 123 N. W. 1082; 5 Dunnell, Minn. Dig. (2 ed.) § 7091. A negative response or none at all at the close of the charge when the court asks whether there is anything further to be said is of some effect. Kincaid v. Jungkunz, 109 Minn. 400, 123 N. W. 1082; Sassen v. Haegle, 125 Minn. 441, 147 N. W. 445, 52 L.R.A.(N.S.) 1176. It is not controlling. Wilcox Trux, Inc. v. Rosenberger, 156 Minn. 487, 195 N. W. 489.

It cannot be questioned that if counsel had suggested that the action was one for rescission and that the charge was incorrect in respect to a requirement that there be damage the court would have made it clear. The defendants had introduced the element of damages. Perhaps a reference to damages was not displeasing to them. While other grounds for rescission than a misrepresentation of value were urged, they all bore on the question of value. The land was bought for resale. About as clearly as could be the defendants assented to the element of damages as put in the charge. This was the third trial. Defendants should not be allowed to assent to the submission of the case with the reference to damages in connection with the fraud and allege error when the verdict was adverse. Our view is in accord with Judge Nye's, as expressed in his memorandum reviewing the case, that after such a trial there is no available error in Judge Gunderson's charge.

■ There was no error in the charge as to the intent or motive. Rescission may be granted for a misrepresentation innocently made. Pennington v. Roberge, 122 Minn. 295, 142 N. W. 710; Hirschman v. Healy, 162 Minn. 328, 202 N. W. 734; Saupe v. St. Paul Tr. Co. 170 Minn. 366, 212 N. W. 892. The court in general charged in accordance with the rule stated. If there was any confusion of expression as to intent or motive, and there may have been, it was inadvertent and attention should have been called to it. The charge as a whole correctly stated the rule.

We find nothing meriting discussion in the claim of error in the charge as to rescission or ratification.

Order affirmed.

HILTON, J. (concurring).

The rule established in Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, and followed in many decisions citing it as authority, must be adhered to. There should be no doubt in that regard. An examination of the record tends to convince me that the decision of Justice Dibell, under all the facts in the case and the manner in which it was tried, may properly warrant an affirmance and do no violence to the rule in question. It may fairly be said that, all things considered, the question as to damages was not material or controlling and hence not an essential element of the right to rescind. I feel that neither counsel nor the trial court so considered it.

WILSON, C. J. (dissenting).

I dissent to the holding of subdivision 2 of the opinion, which I regard as a departure from the rule of Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, followed in many of our decisions. By this opinion the object and purpose of G. S. 1923 (2 Mason, 1927) § 9327, is nullified. The satisfactory definite rule so well established in our practice is apparently abandoned, and the question as to when counsel may specify error under the statute becomes largely a matter of conjecture depending no longer upon a well settled rule but upon what this court may think of it when it reaches us.

The charge in this case covered over 30 pages, and the court's inquiry, to my mind, was an invitation to point out technical inaccuracies or inadvertent statements as are likely to occur in a lengthy and somewhat complicated charge. It was a courtesy of the court to permit counsel to make the corrections permitted under the rule of the Steinbauer case, nothing more. Certainly counsel could not have understood that they were called upon then and there to announce their specifications of error under G. S. 1923 (2 Mason, 1927) § 9327, or forever waive them. The error relates to a controlling proposition of law.

STONE, J. (dissenting).

I concur in the views of the Chief Justice.