JESSE A. KENDALL v. MATT LAVEN AND ANOTHER.[1]

November 28, 1930.

No. 28,212.

*John E. Regan* and *A. J. Berndt,* for appellant.
*H. L. & J. W. Schmitt, Charlotte Farrish* and *Thomas H. Hodg- son,* for respondents.

HOLT, J.

Plaintiff appeals from a judgment denying rescission of a real estate transaction.

The principal grounds for rescission were that the land, about 18 acres, adjacent to the Minnesota river at North Mankato, was represented as not subject to floods or overflow and that all the buildings were located on the land agreed to be conveyed, and that both representations were false. The court found:

"That a portion of said premises is subject to flood from back water coming onto it and adjacent lands during high water in the springtime and that said water remains on a portion of said premises only a very short time and recedes early in the season and does not interfere with the cropping of said premises"; also "that the plaintiff well knew at the time of the purchase of said premises and

[1] Reported in 233 N. W. 243.

the execution and delivery of said contract, Exhibit A, that said premises were subject to flood, as hereinbefore found, and that plaintiff made an examination of said premises and purchased the same on his own examination"; also, "that it does not appear from the evidence that any portion of the buildings is not located on said premises, * . * * and that it does not appear from the evidence that any representation was made as to the location of the buildings."

By proper assignments of error these findings are challenged as unsupported.

The evidence sustains the findings as to the flooding to such extent that this court should not disturb them, and so it does as to plaintiff's knowledge thereof and that he purchased upon his own examination. Plaintiff's father-in-law had for some years farmed parts of the bottom lands of the Minnesota river near the premises in question and had his way by them in driving to and from Mankato and North Mankato. As was natural, before the purchase contract was entered into, his father-in-law and mother-in-law in company with plaintiff inspected the buildings and premises. This took place in March, the usual time for the overflow of the river, and there is evidence that portions of the land were then flooded. In this situation it was not difficult for the trial court to come to the conclusion expressed in the findings challenged. In this connection we may call attention to this finding of fact as to which there is no assignment of error and which effectually eliminates the alleged misrepresentation as to flood conditions, to-wit:

"That neither of the defendants nor anyone in their behalf made any representations as to the value of the premises, and did not represent that the same were not subject to flood."

· It appears that portions of the 18 acres involved were included in the platted addition to the village of North Mankato and that Webster avenue ran directly south of the dwelling, barn, and outbuildings. When plaintiff bought, Webster avenue appeared like an ungraded country road and was pointed out as the southerly boundary of the land. Since the purchase the street has been graded, and

when that was done it became necessary to move or tear down a small shed or two of little value which extended into the street. There is conflict in the testimony as to whether or not any representations were made by defendants in respect to the location of the buildings, and the finding must therefore stand that none were made. Moreover, it appears that the plat of the addition including Webster avenue contains no definite monuments so that the surveyors cannot with certainty locate street and lot boundaries.

The findings above discussed decide the case against plaintiff. There are two other findings assailed, which even if not sustained by the evidence have no legal effect upon the conclusion of law. One of the two reads:

"That none of said premises are used or were used for cropping purposes."

We prefer to construe this finding as referring to the portion used for pasturage, and referred to in the preceding clause as "a portion of said premises subject to flood."

The other finding objected to is the one finding the premises bought by plaintiff to have been reasonably worth $4,600 when the contract was made. It is true that plaintiff raised the issue of misrepresentation of value but introduced no evidence thereof. But both of these findings are wholly immaterial, for had there been misrepresentation as to floods or location of buildings plaintiff would have been entitled to rescission regardless of whether the land was devoted to cropping or any other purpose and irrespective of its market value. The authorities in this state are sufficiently cited for the purposes of this decision in Saupe v. St. Paul Tr. Co. 170 Minn. 366, 212 N. W. 892. These findings are wholly immaterial and do not affect the result and should be disregarded.

There are no questions of law involved in this appeal. The findings of fact first above noted being as we think fairly sustained by competent evidence, no other judgment could follow than the one rendered.

The judgment is affirmed.